IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 1, 2008

Charles R. Fulbruge III
Clerk

No. 07-40040

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARVELL LEE PRICE, JR

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:06-CR-00124-001

Before HIGGINBOTHAM, DAVIS, and SMITH, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

A grand jury indicted Arvell Lee Price for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), an offense he committed in 2005. Price pled guilty but did not enter a plea agreement. The district court adopted a presentence report in its entirety without objection from Price. The PSR relied on Guideline § K2.1(a)(2)(2005)[1] to calculate a sentencing enhancement, establishing a base offense level of 24. In 2005, this Guideline provided a base offense level of 24

---

[1] U.S.S.G. § 2K2.1(a)(2) (2005).

if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense.

Price had two prior convictions; one was based on a charge that Price did "knowingly and intentionally deliver, to wit: actually transfer, constructively transfer and offer to sell a controlled substance, to wit: COCAINE" in violation of section 481.112(a) of the Texas Health and Safety Code. That Code provided in 2005,

> (a) Except as authorized by this chapter, a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1.

Based on the PSR and the convictions included therein, the court sentenced Price to 110 months in prison. We review for plain error because Price did not object to the sentence enhancement in the district court.[2] The district court's reliance on the Texas conviction to increase Price's base offense level is reversible plain error "if the defendant demonstrates '(1) error, (2) that is plain, and (3) that affects substantial rights.'"[3] Both parties assert that the district court's interpretation of the Guidelines was plain error.[4] We agree.

In determining whether a prior conviction falls under a Guidelines sentencing enhancement provision, we "'look[] to the elements of the prior

---

[2] See, e.g., United States v. Medina-Anicacio, 325 F.3d 638, 647 (5th Cir. 2003) (reviewing for plain error where a defendant did not object to the PSR recommendation).

[3] United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005) (quoting United States v. Cotton, 535 U.S. 625, 631 (2002)).

[4] The Government agrees with Price that the enhancement is erroneous under our holding in United States v. Gonzales, 484 F.3d 712 (5th Cir.), cert. denied, 127 S. Ct. 3031 (2007).

offense, rather than to the facts underlying the conviction,'"[5] although we "may also consider documents such as the charging instrument and the jury instructions."[6] In conducting plain error review post-Booker, when a court imposes a sentence under the Guidelines we still review the "court's interpretation and application of the Guidelines de novo."[7]

A conviction for delivering a controlled substance under § 481.112(a) of the Texas Health and Safety Code covers a broader range of offenses than a "controlled substance offense" under § 2K2.1(a)(2). In United States v. Gonzales, we held that a prior conviction under § 481.112 of the Code for delivery of a controlled substance is broader than the definition of a "drug trafficking offense" under § 2L1.2(b)(1)(A)(I) of the Guidelines: a defendant can be convicted under the Code for offering to sell a controlled substance, whereas the definition of "drug trafficking offense" under the Guidelines does not include an offer to sell.[8] The definition of "drug trafficking offense" "'covers only the manufacture, import, export, distribution, or dispensing of a controlled substance (or possession with the intent to do any of these things).'"[9]

A drug trafficking offense under § 2L1.2(b)(1)(A)(I) of the Guidelines has nearly the same definition as a controlled substance offense under §

---

[5] Gonzales, 484 F.3d at 714 (quoting United States v. Garza-Lopez, 410 F.3d 268, 272 (5th Cir. 2005)).

[6] Id.

[7] United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

[8] Gonzales, 484 F.3d at 714-15.

[9] Id. (quoting Garza-Lopez, 410 F.3d at 272).

2K2.1(a)(2),[10] the relevant offense in this case. Section 2K2.1(a)(2) of the Guidelines defines a "controlled substance offense" as an offense under

> federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.[11]

Section 2L1.2(b)(1)(A)(I) for drug trafficking has identical language, with the exception of the omission of the phrase "punishable by imprisonment for a term exceeding one year."[12]

In United States v. Ford,[13] we recognized that a drug trafficking offense and a controlled substance offense are "nearly identical."[14] Although in Ford we held that a conviction for "possession with the intent to deliver" is not broader than the Guidelines' definition of "controlled substance offense,"[15] this does not

---

[10] See U.S.S.G. § 2K2.1 Cmt. 1 ("'Controlled substance offense' has the meaning given that term in § 4B1.2(b) and Application Note 1 of the Commentary to § 4B1.2 (Definitions of Terms Used in Section 4B1.1)"); U.S.S.G. § 2L1.2, Cmt. 1(B)(iv) ("'Drug trafficking offense' means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.").

[11] U.S.S.G. § 4B1.2(b). See also supra note 10.

[12] See supra note 10.

[13] No. 06-20142, 2007 U.S. App. LEXIS 28654 (5th Cir. Dec. 11, 2007) (on petition for rehearing).

[14] Id. at *5-6 (addressing a controlled substance offense and recognizing that "[i]n two closely analogous decisions, this court held similar convictions to be broader than a nearly identical USSG definition of another offense [drug trafficking] subject to sentencing enhancement" and discussing the two decisions, Gonzales and Garza-Lopez).

[15] Id. at *1.

change the outcome of this case.[16] In Ford, we distinguished the facts from Gonzales and Garza-Lopez, both of which held that state convictions for delivering or transporting/selling a controlled substance can be broader than a controlled substance offense under the Guidelines, because "the conviction [in Ford] was for possession with the intent to deliver rather than just delivery or transportation."[17] We concluded that possession with the intent to deliver, as opposed to mere delivery or transport, cannot reasonably be distinguished from "possession of a controlled substance . . . with intent to . . . distribute" under the Guidelines' definition of a controlled substance offense.[18]

Price was not charged with possession but only with knowing and intentional actual and constructive delivery of cocaine and, as the Government concedes, "the language of the indictment allowed conviction for offering to sell a controlled substance. Moreover, the written judgment following Price's plea of guilty did not specify the manner in which Price delivered the cocaine."[19] The court erred in assigning a base offense level of 24 under § 2K2.1(a)(2) because one of Price's prior drug convictions could have been merely for an offer to sell under § 481.112 of the Code. This error is "plain" because the current law is

---

[16] Prior to rehearing, we held in United States v. Ford, 2007 WL 1501745 (5th Cir. 2007), that an offense in Texas for delivery of a controlled substance is broader than the Guidelines' sentence enhancement for distribution of a controlled substance. In United States v. Palacios-Quinon, 431 F.3d 471 (5th Cir. 2005), we held that an offense involving "purchase of a drug for sale" – a crime necessarily involving possession – "would satisfy the elements of 'possession with the intent to distribute' under the Guidelines." Id. at 476. Following rehearing and after the parties submitted their briefs in this case, we withdrew the earlier Ford opinion. See 2007 U.S. App. LEXIS 28654.

[17] 2007 U.S. App. LEXIS 28654 at *8.

[18] Id.

[19] Government's Brief at 7.

clear,[20] as we discuss above. We have held that a mere offer to sell, absent possession, does not fit within the Guidelines' definition of "the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance."[21] We recognized in Palacios that "neither 'the transportation of a controlled substance for personal use' nor 'offers to transport, sell, furnish, administer or give away a controlled substance' is covered by the definition of drug trafficking."[22] We similarly held in Gonzales[23] and Garza-Lopez.[24] Although those cases address drug trafficking and not the definition of controlled substance offense under the Guidelines, our holding in Ford recognizes that the Guidelines' definitions of drug trafficking and controlled substance offense are nearly identical, as we discuss above.[25]

The sentencing error affects Price's substantial rights because Price "'can show a reasonable probability that, but for the district court's misapplication of the Guidelines, [he] would have received a lesser sentence.'"[26] Without the sentence enhancement under § 2K2.1(a)(2), Price alleges that he would have received a base offense level of 23 or lower, and that a base offense level of 23

---

[20] United States v. Valles, 484 F.3d 745, 759 (5th Cir. 2007) ("An error is "plain" if it is clear under current law."), cert. denied, 127 S. Ct. 3025 (2007), and petition for cert. filed (Jul. 6, 2007) (No. 07-8373), and cert. denied, 128 S. Ct. 238 (2007).

[21] U.S.S.G. § 2L1.2, Cmt. 1(B)(iv); infra notes 22-24 and accompanying text.

[22] 431 F.3d at 476 (quoting Garza-Lopez, 410 F.3d at 274 (emphasis added)).

[23] 484 F.3d at 714-15 ("We have previously stated that offering to sell a controlled substance lies outside section 2L1.2's definition of "drug trafficking offense," since section 2L1.2 'covers only the manufacture, import, export, distribution, or dispensing of a controlled substance (or possession with the intent to do any of these things.)'" (quoting Garza-Lopez, 410 F.3d at 274)).

[24] 410 F.3d. at 274 (transport of controlled substance for personal use and offers to sell controlled substances do not fall within the Guidelines' definition of "drug trafficking offense").

[25] See supra note 14 and accompanying text.

[26] Gonzales, 484 F.3d at 716 (quoting Garza-Lopez, 410 F.3d at 275).

combined with his criminal-history category of VI would have resulted in a 92- to 115-month Guidelines range.  Although the 110-month sentence that Price received is within that range, defendant has "'demonstrate[d] a probability sufficient to undermine confidence in the outcome,'"[27] as a 92-month sentence is substantially lower than a 110-month sentence.[28]

Finally, the sentencing error "seriously affects the fairness, integrity, or public reputation of judicial proceedings"[29] because it "'clearly affected [the]

---

[27] United States v. Lopez-Urbina, 434 F.3d 750, 762 (5th Cir. 2005) (quoting United States v. Mares, 402 F.3d 511, 521 (5th Cir.2005)).

[28] We recognize the potential conflict between pre- and post-Booker decisions addressing the question of "affecting substantial rights."  In our pre-Booker case United States v. Ravitch, we asked "'if the case were remanded, [whether] the trial judge could reinstate the same sentence.'"  28 F.3d 865, 869 (5th Cir. 1997) (emphasis added) (quoting United States v. Brunson, 915 F.2d 942, 944 (5th Cir. 1990)).  If the judge could reinstate the sentence, we held, we would find no prejudice under plain error review.  Post-Booker, in United States v. Villegas, we held that the question of substantial rights turns on "whether the defendant can show a reasonable probability that, but for the district court's misapplication of the Guidelines, [the defendant] would have received a lesser sentence."  404 F.3d 355, 364 (5th Cir. 2005) (per curiam); see also United States v. Jones, 444 F.3d 430, 438 (5th Cir. 2006) (recognizing the potential conflict between Ravitch's objective inquiry and Villegas's subjective inquiry), cert. denied, 126 S. Ct. 2958 (2006).  In Villegas, the sentencing range calculated by the court was twenty-one to twenty-seven months, whereas the range without the erroneous enhancement would have been ten to sixteen months.  28 F.3d at 364.  Although the facts in Villegas differ from the present case because the correct and erroneous sentencing ranges overlap here, the difference between the minimum sentence that Price would have potentially received without the enhancement (92 months) and the sentence he received (110 months) – a difference of eighteen months, is greater than the difference between the minimum sentences in Villegas – a difference of only eleven months.  Moreover, when acting under the erroneous Guidelines range of 110-120 months, the court sentenced Price to the minimum within that range.  We are persuaded that the difference between the potential minimum sentences with and without the enhancement demonstrates "at least a reasonable probability that the district court would have imposed a lesser sentence if it had properly applied the Guidelines."  Id. at 365.  With more of an overlap between correct and erroneous sentencing ranges, we would face a closer question of "substantial rights" and would have to address the potential conflict between the pre- and post-Booker objective verus subjective inquiries that we raised in Jones.  We leave that for another day.

[29] United States v. Perez, 484 F.3d 735, 744 (5th Cir. 2007) (quoting Mares, 402 F.3d at 520), cert. denied, 128 S. Ct. 405 (2007).

defendant's sentence.'"[30]  The district court's judgment imposing a sentence of 110 months based on § 2K2.1 of the Guidelines is VACATED AND REMANDED FOR RESENTENCING.

---

[30] Gonzales, 484 F.3d at 716 (quoting Villegas, 404 F.3d at 365); see also Villegas, 404 F.3d at 365 (an erroneously imposed sentence enhancement under § 2K2.1 of the Guidelines affects a defendant's sentence and therefore affects the fairness and integrity of the judicial proceeding).