IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-40365

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SAUL CRUZ-MEZA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-1188

Before JONES, Chief Judge, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Saul Cruz-Meza pled guilty to being found in the United States following a prior deportation in violation of 8 U.S.C. § 1326(a) - (b). He challenges his sentence of twenty-four months imprisonment. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## FACTUAL AND PROCEDURAL HISTORY

On November 7, 2007, the defendant-appellant Saul Cruz-Meza was charged with being found unlawfully present in the United States following deportation, in violation of 8 U.S.C. § 1326(a) - (b). Cruz-Meza subsequently pled guilty pursuant to a written plea agreement.

The presentence investigation report ("PSR") calculated Cruz-Meza's total offense level to be fourteen, including an eight-level "aggravated-felony" increase, pursuant to U.S.S.G. § 2L1.2(b)(1)(C). The PSR noted that based on his prior drug possession conviction in 2000, Cruz-Meza's 2002 and 2004 drug possession convictions would qualify as felonies under the recidivist provision of the Controlled Substances Act ("CSA"), and therefore would meet the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(B). The PSR assigned Cruz-Meza a criminal history category of V based on ten criminal history points. In calculating Cruz-Meza's criminal history score, the PSR included his conviction for Driving While Intoxicated ("DWI"), committed when he was seventeen years old.

Cruz-Meza filed written objections to the PSR, objecting to the eight-level "aggravated felony" adjustment on two grounds: that the Government failed to produce supporting documentation to support the adjustment, and that the state court offenses do not enjoy the procedural safeguards provided by federal enhancements under 21 U.S.C. §§844(a) and 851. At sentencing, Cruz-Meza re-urged his objection to the eight level adjustment. The district court denied the objection.

Both in his pre-sentencing pleading and before the district court at the sentencing hearing, Cruz-Meza asked for a downward variance from the

Guideline range based on his family circumstances, particularly the physical difficulty his wife faced in caring for their son, who suffers from cerebral palsy.

On the Government's motion at sentencing, the district court granted an additional point (for a total of three) of offense-level reduction for acceptance of responsibility and a two-level reduction for early disposition. The district court adopted the PSR, took into account the additional reductions, and found that Cruz-Meza's total offense level was eleven, which, together with his criminal history category of V, yielded a Guideline imprisonment range of twenty-four to thirty months. The district court sentenced Cruz-Meza to serve twenty-four months of imprisonment, to be followed by two years of supervised release, and assessed a $100 special assessment. The district court noted that it was sympathetic to Cruz-Meza's family circumstances, but further noted that the family consciously elected to stay in the United States because they received monetary assistance that they would not in Mexico. The court explained that it had to balance Cruz-Meza's family hardships with his prior criminal activity, and that Cruz-Meza was receiving a "great consideration" from the court in the 24-month sentence. Cruz-Meza timely appealed.

## DISCUSSION

Cruz-Meza raises two issues on appeal: (1) whether the district court plainly erred in sentencing Cruz-Meza based on an incorrect criminal history score; and (2) whether the district court erred by treating two convictions for simple possession of a controlled substance as aggravated felonies pursuant to U.S.S.G. § 2L1.2(b)(1)(C).

## I. Criminal History Score Error

Because Cruz-Meza failed to object to the calculation of his criminal history score in the district court, we review this issue for plain error. United States v. Villegas, 404 F.3d 355, 358-59 (5th Cir. 2005) (per curiam). The district court's reliance on the DWI conviction to establish a criminal history category V "is reversible plain error 'if the defendant demonstrates (1) error, (2) that is plain, and (3) that affects substantial rights.'" United States v. Price, 516 F.3d 285, 287 (5th Cir. 2008) (quoting United States v. Valenzuela-Quevedo, 407 F.3d 728, 738 (5th Cir. 2005)). In order to demonstrate an affect on substantial rights, Cruz-Meza must show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence. Villegas, 404 F.3d at 364. If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the "fairness, integrity, or public reputation of judicial proceedings." United States v. Baker, 538 F.3d 324, 332 (5th Cir. 2008).

"In conducting plain error review post-Booker, when a court imposes a sentence under the Guidelines we still review the 'court's interpretation and application of the Guidelines de novo.'" Price, 516 F.3d at 287 (quoting Villegas, 404 F.3d at 359). We agree with the parties that including a criminal history point for the DWI committed before Cruz-Meza's eighteenth birthday was error which is plain. See U.S.S.G. § 4A1.2(d) (addressing when "Offenses Committed Prior to Age Eighteen" are to be included in the criminal history calculation). The additional point resulted in Cruz-Meza being placed in an incorrect criminal history category (V) with a sentencing range of twenty-four to thirty months in prison. Without that point, he would have been placed in criminal history category IV with a sentencing range of eighteen to twenty-four months in prison.

Cruz-Meza argues that the district court's error affected his substantial rights because under the circumstances of this case – the district court's imposition of the minimum sentence under the incorrect range that overlapped only by one month with the correct range – there is a reasonable probability that if presented with the correct Guideline imprisonment range the district court would have given Cruz-Meza a lower sentence. The Government argues that the error did not affect Cruz-Meza's substantial rights because the sentence imposed was within the correct Guideline range, albeit at the top of that range, and the record does not otherwise suggest that the court would have imposed a lower sentence.

In this case, Cruz-Meza's sentence of twenty-four months was the bottom end of the incorrect range. Cruz-Meza makes a plausible argument that, in light of our decision in United States v. Price, the fact that the correct and incorrect Guideline ranges overlap by a single month might demonstrate a reasonable probability that, but for the district court's misapplication of the Guidelines, the district court would have imposed a lower sentence. See Price, 516 F.3d 285, 289-90 & n.28 (5th Cir. 2008) (finding reversible plain error where incorrect Guideline range and correct Guideline range overlapped by five months and defendant's sentence was in the middle of the correct Guideline range). In this case, a sentence at the bottom of the correct range would be eighteen months, which represents a sentence reduction of six months. Six months is somewhat less than the difference in minimum sentences addressed in Price and United States v. Villegas. See Price, 516 F.3d at 289-90 (eighteen-month difference); Villegas, 404 F.3d at 364 (eleven-month difference between the bottom of the correct and erroneous Guideline ranges). Cruz-Meza relies on Price's

observation that "[w]ith more of an overlap between correct and erroneous sentencing ranges, we would face a closer question of 'substantial rights,'" 516 F.3d at 289 n.28, to argue that his lesser overlap in ranges makes his an easier case than Price. The overlap in Cruz-Meza's correct and erroneous Guidelines sentencing ranges is less than it was in Price, but on this record we cannot say that the bare overlap in ranges necessarily establishes that Cruz-Meza's substantial rights were affected. The lesser overlap in the sentencing ranges at issue here (24-30 versus 18-24) than in Price (110-120 versus 92-115), shows only a possibility of a lesser sentence but for the error, not the requisite probability.

Although his sentence is the top of the properly calculated Guideline range of eighteen to twenty-four months of imprisonment, Cruz-Meza points to nothing in the record to bolster his assertion that the district court would have imposed a lower sentence if the district court had calculated the correct Guideline range. In contrast, despite Cruz-Meza's request for a downward variance based on family hardships, the district court declined to grant a lower sentence. The district court, after considering Cruz-Meza's family situation and the § 3553(a) factors, stated that it considered twenty-four months to be an appropriate sentence, not simply that it found the low point of the Guideline range to be an appropriate sentence. Further, the court admonished Cruz-Meza that this sentence took into account consideration of his family circumstances because "it would have been easy, based on the fact that [he had] other convictions," to have "gone much higher with regards to [his] sentence," and that he received "a great consideration" in sentencing, "considering [his] prior history." We conclude that Cruz-Meza has not met his burden to show a reasonable probability that but for

6

the error in his criminal history score, he would have received a lower sentence.[1] See id.

## II. U.S.S.G. § 2L1.2(b)(1)(C) Enhancement

Because Cruz-Meza objected to the aggravated felony sentencing enhancement before the district court, we review questions of the interpretation and application of the Guidelines de novo and the district court's factual findings for clear error. United States v. Charon, 442 F.3d 881, 886-87 (5th Cir. 2006).

Cruz-Meza argues that the district court reversibly erred when it treated his 2002 and 2004 Texas convictions for simple possession of a controlled substance as "aggravated felonies" warranting an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C). Specifically, Cruz-Meza contends that the Government did not adequately prove that his 2000 drug conviction was final at the time he committed the offenses underlying his 2002 and 2004 drug possession convictions, such that those offenses would qualify as felonies under the recidivist provision of the CSA for purposes of the "aggravated felony" sentencing enhancement. He asserts that the Government's failure to meet its burden of proof with regard to the finality of the underlying conviction requires this Court to vacate his sentence and remand for resentencing.[2] The

---

[1] Because of our resolution of Cruz-Meza's argument regarding his criminal history score, we need not address his argument that the district court plainly erred by assigning two criminal history points for two offenses leading to revocation of his community supervision. Even if we agreed that this was error that is plain, Cruz-Meza similarly does not show how, without the asserted error, it is reasonably probable that he would have received a lesser sentence. His criminal history category would remain IV.

[2] In addition, Cruz-Meza argues that the Government's failure to comply with the procedural requirements of 21 U.S.C. § 851 for the underlying convictions precludes their use in enhancing his sentence under U.S.S.G. § 2L1.2(b)(1)(C). Cruz-Meza recognizes that this last argument is foreclosed in this Circuit by this Court's decision in United States v. Cepeda-Rios, 530 F.3d 333, 335-36 (5th Cir. 2008) (holding that, because a second state conviction for simple

Government responds that the district court did not clearly err in finding the conviction to be final because there is no evidence of an appeal from Cruz-Meza's 2000 conviction, which thus would have become final on September 14, 2000. Noting that Cruz-Meza committed three Texas drug offenses after September 14, 2000, for which he was convicted, the Government argues that Cruz-Meza fails to demonstrate that the district court erred in finding that Cruz-Meza had been convicted of an "aggravated felony" prior to his deportation and subsequent illegal re-entry.

It is the Government's burden to sufficiently establish the drug convictions supporting the eight-level aggravated felony sentencing enhancement under the Guidelines. See United States v. Torres-Diaz, 438 F.3d 529, 535 (5th Cir. 2006) (recognizing that the burden is on the party seeking to adjust the sentence level). In order for Cruz-Meza's 2002 and 2004 convictions to qualify as felonies under the recidivist provision of the CSA for purposes of the "aggravated felony" sentencing enhancement, they must have been committed after his 2000 conviction for drug possession became final. See Smith v. Gonzales, 468 F.3d 272, 277 (5th Cir. 2006).

In Smith, this court found that under 21 U.S.C. § 844(a), a conviction is "final" when it is "no longer subject to examination on direct appeal, including an application for certiorari to the United States Supreme Court, either because of disposition on appeal and conclusion of the appellate process or because of the passage, without action, of the time for seeking appellate review." Id. (internal quotation marks omitted). Here, Cruz-Meza's August 2000 drug conviction

---

possession of a controlled substance could have been punished under 21 U.S.C. § 844(a) as a felony, it qualified as an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C)).

occurred in Texas state court, where the time to seek appellate review expires thirty days after the sentence is imposed or within ninety days of that date if the defendant timely moves for a new trial. TEX. R. APP. PROC. 26.2. The Government provided documentation to the district court establishing Cruz-Meza's prior drug convictions, and there is no evidence in the record that Cruz-Meza appealed his 2000 conviction.

Cruz-Meza argues that the Government has not met its burden to establish finality, but he does not assert that he in fact appealed his 2000 conviction or that it was otherwise not final before he committed the drug offenses of which he was convicted in 2002 and 2004. We reject Cruz-Meza's argument that because there is a theoretical possibilty that the 2000 conviction was not final, the district court clearly erred in finding on this record that it was final. Cf. Torres-Diaz, 438 F.3d at 535 (rejecting defendant's argument that record was insufficient to show prior conviction because the record failed to foreclose the theoretical possibility that he pled guilty to something other than the charging document in the record, noting "it is not argued that this actually happened – only that the record does not exclude the theoretical possibility that it did").

Although the Government might have included a copy of the state court docket sheet, which would have indicated whether or not Cruz-Meza filed a notice of appeal, it was not necessary to do so to meet its burden in this case. Accordingly, the district court did not err in applying the eight-level aggravated felony enhancement under U.S.S.G. § 2L1.2(b)(1)(C).

## CONCLUSION

For the foregoing reasons, we AFFIRM Cruz-Meza's sentence.