# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-60952
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

TERRELL MARTA TAYLOR

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
No. 1:01cr86-WJG

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellant Terrell Marta Taylor pled guilty to possession with intent to distribute fifty grams or more of crack cocaine.[1] As part of his plea agreement, he expressly waived the right to appeal the conviction or sentence. He nevertheless now appeals arguing that the use of immunized information to enhance his sentence operated as a breach of the plea agreement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 21 U.S.C. § 841(a)(1).

On the day Taylor was arrested a United States attorney orally advised him that if he cooperated he could return home and be indicted on a later date. With this assurance, Taylor disgorged the location of two firearms in his apartment and the names of potential drug crime suspects. This information eventually led to sentence enhancements in his presentence report, which the district court adopted.

Taylor first contends that the plea agreement itself contains immunity clauses that prevent the use of information he gave on his arrest date. We apply general principles of contract law to interpret a plea agreement.[2] While the agreement does include immunity clauses, they are forward looking, speaking to Taylor's "obligation to cooperate *under this agreement*" and to "information given by the defendant *subsequent to* and in response to" this agreement. Thus, the plea agreement by its own force does not protect Taylor from his statements given the day of his arrest and prior to the plea agreement.

Taylor next argues that the plea agreement, although it never mentions it, memorialized the oral cooperation agreement he entered into the day of his arrest, which agreement he claims included immunity. Taylor did not raise this objection, or any objection regarding immunity, at the district court. Thus we review whether the Government breached the plea agreement, which in this case turns of the appropriateness of the sentence, for plain error.[3] Beyond Taylor's assertion, there is no evidence of an immunity agreement from the day Taylor was arrested. Taylor cannot by manufacturing, or at best raising for the first time on appeal, an oral immunity agreement that allegedly occurred on the day of his arrest avoid the fact that he waived his statutory right to appeal. There was no evidence before the district court that the Government breached the plea

---

[2] *See U.S. v. Cantu*, 185 F.3d 298, 304 (5th Cir. 1999).

[3] *See U.S. v. Munoz*, 408 F.3d 222, 226 (5th Cir. 2005); *U.S. v. Price*, 516 F.3d 285, 286–87 (5th Cir. 2008).

agreement by assenting to the use of immunized information in the presentencing report and nothing before this Court would compel a finding of plain error. Taylor is bound to the obligations under his plea agreement. The motion to dismiss the appeal is GRANTED, and the appeal is DISMISSED.