**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2009

Charles R. Fulbruge III
Clerk

No. 09-40055
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELVIN APARICIO-MOREIRA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:08-CR-623-ALL

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Elvin Aparicio-Moreira appeals the 41-month sentence imposed following
his plea of guilty of illegal reentry into the United States following removal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Aparicio-Moreira challenges the district court's characterization of his prior Texas state conviction of unauthorized use of a motor vehicle ("UUMV") as an aggravated felony. In *United States v. Armendariz-Moreno*, 571 F.3d 490, 491 (5th Cir 2009) (per curiam), we determined that the offense of UUMV does not involve violent and aggressive conduct and, as a result, is not an aggravated felony. Under that precedent, the district court erred in imposing the eight-level sentencing enhancement.

Despite the error, reversal is not required. In *United States v. Bonilla*, 524 F.3d 647, 655-57 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 904 (2009), this court determined that the district court had erred in applying the sentencing guidelines, but we decided that "[n]ot all errors in determining a defendant's guideline sentence require reversal." We affirmed, reasoning that "because the district court imposed an alternative non-guidelines sentence, the advisory sentence did not result from the guidelines error and we need not vacate the sentence on that basis." *Id*. at 659.

In the instant case, the district court made it plain that it would have imposed the same sentence even if the sentencing enhancement had been inapplicable. The district court's comments reflect that, like the district court in *Bonilla*, it imposed an alternative non-guideline sentence. Moreover, the reasons given for the non-guideline sentence are adequate. *See United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005).

Aparicio-Moreira argues that the district court erred in calculating his criminal history score. Although the government concedes that it was error to assess two points for Aparicio-Moreira's 1998 conviction of burglary of a vehicle, the government contends that Aparicio-Moreira has not shown plain error.

Because Aparicio-Moreira failed to object to the calculation of his criminal history score, review is for plain error. *See United States v. Cruz-Meza*, 310 F. App'x 634, 636 (5th Cir. 2009), *cert. denied*, 2009 U.S. LEXIS 5363 (U.S. Oct. 5, 2009); *United States v. Villegas*, 404 F.3d 355, 358-59 (5th Cir. 2005). Aparicio-

Moreira has not shown that the court plainly erred in calculating his criminal history score, because he has not demonstrated that the error affected his substantial rights. *See Cruz-Meza*, 310 F. App'x at 636; *Villegas*, 404 F.3d at 364.

AFFIRMED.