# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 26, 2010

No. 09-10463

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN DEL CAMPO-RAMIREZ,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-261-1

Before JOLLY and GARZA, Circuit Judges, and MILLER, District Judge.[*]
PER CURIAM:[**]

In this appeal, Juan Del Campo-Ramirez challenges the 27-month sentence he received after pleading guilty to illegal reentry in violation of 8 U.S.C. § 1326(a). Campo-Ramirez alleges that the district court improperly calculated his guidelines range after erroneously adding two points to Campo-

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10463

Ramirez's criminal history on the basis that he committed the instant offense of illegal reentry while under a criminal justice sentence of probation.  U.S.S.G. § 4A1.2(d).  By the district court's calculation, Campo-Ramirez's total offense level was 14 and his criminal history category was IV, resulting in a guidelines range of 27 to 33 months.  Without the two points challenged by Campo-Ramirez, his criminal history category would be III and the guidelines range 21 to 27 months.  Campo-Ramirez did not challenge these points in the district court and so our review is for plain error.  Because Campo-Ramirez has failed to show that the error affected his substantial rights, his sentence is AFFIRMED.

## I. FACTUAL BACKGROUND

On January 1, 2005, Campo-Ramirez unlawfully entered the United States near Brownsville, Texas.  In 2007 Campo-Ramirez was arrested by Dallas police officers for aggravated assault with a deadly weapon and retaliation.  He was eventually released into the custody of Immigration and Customs Enforcement.  In 2008 Campo-Ramirez pleaded guilty to illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a).[1]

At sentencing, the district court adopted the presentence report (PSR)—which contained factual findings and a proposed guideline range—without change.  The PSR detailed Campo-Ramirez's criminal history.

---

[1] This provision reads:

(a) In general

> Subject to subsection (b) of this section, any alien who - (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be fined under title 18, or imprisoned not more than 2 years, or both.

No. 09-10463

His most recent prior offense was a vehicle burglary in 1993 for which Campo-Ramirez was sentenced to a 10-year term of probation, case number F-9334940.[2] According to the PSR, on June 28, 2000, this 10-year probation term was revoked and Campo-Ramirez was sentenced to two years imprisonment. On December 16, 2000, a prior order of removal was reinstated and Campo-Ramirez was removed to Mexico where he remained until his illegal reentry in 2005.

Despite having already explained that the term of probation associated with Campo-Ramirez's 1993 vehicle burglary was revoked in 2000, in calculating his guideline range the PSR assessed Campo-Ramirez two criminal history points under § 4A1.1(d)[3] because "[t]he defendant committed the instant offense while under a criminal justice sentence of probation, Case No. F-9334940."[4] The specific reference by case number to the 1993 burglary makes the error unmistakable. Nevertheless, both Campo-Ramirez's counsel and the district court failed to recognize the mistake. Accordingly, when deciding Campo-Ramirez's sentence, the district court adopted a guideline range of 27 to 33 months. The correct guideline range was 21 to 27 months.

At sentencing, Campo-Ramirez pointed to the circumstances of his prior illegal entries and changes in Texas law on his prior offenses and asked the court

---

[2] The PSR also recounted post-offense misconduct; namely, the 2007 retaliation charge for which he was originally arrested.

[3] §4A1.1.    Criminal History Category

. . .

(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

[4] Because of these two criminal history points, Campo-Ramirez fell within Criminal History Category IV. Without the two additional points, he would have been within Criminal History Category III.

No. 09-10463

to vary downward from the guideline range.[5] The court declined to do so, briefly explaining that "under the circumstances . . . the guideline calculation . . . adequately reflects the seriousness of the offense as well as other statutory sentencing factors . . . ." However, the court did note that "for the reasons [counsel] argued for a variance, that a sentence at the low end of the range is appropriate," and sentenced Campo-Ramirez to 27 months followed by deportation and two years of supervised release.

Campo-Ramirez appealed and for the first time challenges the addition of two criminal history points under § 4A1.1(d).

## II. DISCUSSION

Because the issue was not raised at sentencing, we review for plain error. Plain error exists where (1) there was error, (2) that was plain, (3) the error affects substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Redd*, 562 F.3d 309, 314 (5th Cir. 2009).

**(1) There was error and it was plain.**

On appeal the government concedes that the district court erred, but argues that the error was factual and so not remediable on plain error review. Campo-Ramirez argues that the district court correctly identified his term of probation as being terminated in 2000, but improperly applied § 4A1.1(d) after making this factual finding. Errors in interpreting or applying the guidelines are, of course, legal errors. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The government is correct when it asserts that "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Vital*, 68 F.3d 114, 119 (5th Cir. 1995)

---

[5] Campo-Ramirez also made three challenges to the PSR, all of which were overruled as foreclosed by Fifth Circuit precedent, and none of which are relevant to his appeal.

(internal citations omitted).  Here, however, there was no error in the district court's (PSR's) recitation of the factual circumstances of Campo-Ramirez's offense.  The error came later, when the district court (PSR) applied the guidelines to those circumstances to compute Campo-Ramirez's criminal history score.  An error of this kind is legal error, capable of resolution on plain error review.  *See United States v. Arviso-Mata*, 442 F.3d 382, 385 (5th Cir. 2006) (applying plain error review to an error in calculating criminal history points when the PSR's facts were unchallenged); *United States v. Lee*, No. 09-40099, 2010 WL 742592, at *4 (5th Cir. 2010) (comparing a challenge to the PSR's facts, which is not subject to plain error review, with a challenge to the PSR's criminal history calculation, which is subject to plain error review).  Campo-Ramirez has thus met his burden under the first prong of our plain error review.

He has also met his burden under the second prong: the error in this case was plain.  Error is plain if it is "clear or obvious, rather than subject to reasonable dispute."  *United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009)(internal citations omitted).  As Campo-Ramirez was not under probation when he reentered the United States, it was obvious error to apply § 4A1.1(d).  The government has argued that "even the most prudent person tasked with traversing" the "muddled path" of Campo-Ramirez's criminal history "could miss the critical time frame" for relating his current offense with his prior term of probation.  However, we are aware of no authority for the principle that mere factual complexity can make an otherwise "clear or obvious" legal rule subject to "reasonable dispute" under the second prong of our plain error test, and decline to recognize such a principle in this case.[6]

**(2) The error did not affect Campo-Ramirez's substantial rights.**

---

[6] The authority the government cites, *Rodriguez-Parra*, dealt with legal complexity, not factual complexity.  *See* 581 F.3d at 231 (explaining that error is not plain where error is discovered only by a "careful parsing of all the relevant authorities").

Nevertheless, plain error is remediable only where the defendant shows the error has affected his substantial rights. FED. R. CRIM. P. 52. To meet this standard, Campo-Ramirez must show "the probability of a different result is sufficient to undermine confidence in the outcome," *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (internal citations omitted); that is, he must show there is a "reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005). In order to make this showing, evidence cannot be of ambiguous or uncertain effect; "the defendant must prove that the error affected the sentencing outcome." *United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009).

Our court has often reversed, on plain error review, sentences tainted by guideline calculation errors. *See, e.g.*, *United States v. Munoz-Ortenza*, 563 F.3d 112, 116 (5th Cir. 2009); *United States v. Gonzalez-Terrazas*, 529 F.3d 293, 298-99 (5th Cir. 2008); *United States v. Garza-Lopez*, 410 F.3d 268, 275 (5th Cir. 2005); *United States v. Villegas*, 404 F.3d 355, 364–65 (5th Cir. 2005). These cases recognize that, although non-binding, the guidelines play a significant role in the district court's determination of a proper sentence. Under certain circumstances a district court might, if faced with a different guideline, choose a different sentence.

However, in most of our prior cases the defendant's sentence did not, as is the case here, fall within both the correct and incorrect guideline ranges. When that is the case, we have shown considerable reluctance in finding a reasonable probability that the district court would have settled on a lower sentence. In our first case to consider the effect of overlapping ranges on a defendant's ability to show a probability of a lesser sentence, *United States v. Price*, we vacated and remanded. 516 F.3d 285, 290 (5th Cir. 2008). In *Price* the sentence fell near the top of the correct range and we expressed concern that the difference between

the bottoms of the two ranges was substantial—18 months. *Id.* at 289 n.28. *Price*, however, seems to stand alone. In *United States v. Jasso*, 587 F.3d 706, 714 (5th Cir. 2009), and *United States v. Jones*, 596 F.3d 273, 277-79 (5th Cir. 2010), we faced similar errors and refused to reverse. In both cases we noted that there was no evidence that the district court believed the bottom of "*any* range to be appropriate." *Jasso*, 587 F.3d at 714 n.11; *Jones*, 596 F.3d at 279. These varying outcomes show that our review in cases of overlapping guidelines has been highly fact sensitive.

In the closest case on point, *United States v. Cruz-Meza*, we again refused to reverse. 310 F. App'x. 634, 637–38 (5th Cir. 2009). In *Cruz-Meza*, the district court calculated a guideline range of 24 to 30 months. After rejecting the defendant's arguments for a downward variance, the court sentenced Cruz to 24 months. On appeal, Cruz demonstrated that the correct range was 18 to 24 months. However, the court declined to correct the error on plain error review. By pointing to the narrow overlap (one month) the defendant had shown "a *possibility* of a lesser sentence[, ] but . . . not the requisite *probability*." *Id.* at 637 (emphasis in original). Cruz's request for a variance had been denied and he could point to nothing in the record "to bolster his assertion that the district court would have imposed a lower sentence" in the light of the proper guideline range. *Id.*

We are not bound by *Cruz*, but we find its logic persuasive. Campo-Ramirez has pointed out that the ranges at issue only overlap by a single month and that the district court decided to sentence him at the bottom of the applicable guideline range. Thus, although it is *possible* that Campo-Ramirez would receive a different sentence were we to vacate his sentence and remand for resentencing, "this evidence alone [is] insufficient to show a reasonable probability" of a lower sentence. *Jones*, 596 F.3d at 279. And there is nothing else in the record to elevate Campo-Ramirez's case from possible to probable. We

note that the district court considered his arguments for a variance and declined to depart downward.

## III. CONCLUSION

In sum, the district court plainly erred by assessing Campo-Ramirez two criminal history points under § 4A1.1(d) after finding, as a matter of fact, that Campo-Ramirez's probation terminated five years before the offense at issue. However, Campo-Ramirez has failed to show that this error affected his substantial rights. The district court's sentence fell within both the correct and incorrect guideline ranges. That the district court sentenced Campo-Ramirez at the bottom of the incorrect range is not enough, on its own, to demonstrate a reasonable probability of a lesser sentence if we were to remand for consideration of the correct range. Accordingly, Campo-Ramirez's sentence is AFFIRMED.