# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2010

No. 09-41243

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS SALAS-SANCHEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas, Brownsville Division
1:09-CR-873-2

Before KING, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Defendant Luis Salas-Sanchez (Salas) appeals his sentence after a guilty plea conviction for possession with intent to distribute less than 50 kilograms of marijuana in violation of  21 U.S.C. § 841(a)(1), (b)(1)(D); 18 U.S.C. § 2.  Salas argues that  the district court committed reversible plain error by assessing one criminal history point under U.S.S.G. § 4A1.2(c)(1) for a prior evading arrest conviction that did not result in a term of probation of more than one year, thereby raising Salas-Sanchez's criminal history category from III to IV .  He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-41243

also argues that the district court erroneously applied the Sentencing Guidelines by failing to award a minor role adjustment under U.S.S.G. § 3B1.2(b).  We affirm.

I.

Salas pleaded guilty to possession with intent to distribute 45.3 kilograms of marijuana.  The facts underlying the offense show that, in June 2009, the operator of a remote video surveillance camera observed three men carrying large duffel bags on their backs traveling north near a port of entry in Brownsville, Texas.  Border Patrol agents proceeded to the area.  As the agents approached, the three men hid in the brush.  Shortly thereafter, agents found Salas, a codefendant, and a minor lying face down on top of their respective duffle bags.  The three bags contained a total of 19 bricks of marijuana with a combined weight of 45.3 kilograms.

After the suspects were taken to a Border Patrol station, Salas waived his *Miranda*[1] rights and agreed to talk to agents.  Salas stated that he and some other individuals were crossing the Rio Grande River into the United States to find work when they were approached by an unknown man who forced them to carry the marijuana and told them they would receive $300 after delivery.  The district court sentenced Salas to 37 months of imprisonment and three years of supervised release.[2]  Salas filed a timely notice of appeal.

II.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] Although the PSR and records of the Assistant United States Attorney indicate that there was a plea agreement, defense counsel asserted during the sentencing hearing that there was no agreement; as a result, the district court proceeded as if no agreement existed.

No. 09-41243

Salas argues on appeal that the district court committed reversible plain error by assessing one criminal history point under U.S.S.G. § 4A1.2(c)(1) for a 2007 evading arrest conviction that did not result in a term of probation of more than one year, thereby raising his criminal history category from III to IV. Salas raised no objections to his criminal history calculation in the district court; therefore, review is for plain error. *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006). To prevail, Salas must show a forfeited error that is clear or obvious and affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). "A sentencing error affects a defendant's substantial rights if he can show a reasonable probability that, but for the district court's misapplication of the Guidelines, [he] would have received a lesser sentence." *United States v. John*, 597 F.3d 263, 284-85 (5th Cir. 2010) (internal quotation marks and citation omitted). Even if such a showing is made, this court has the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Puckett*, 129 S. Ct. at 1429 (internal quotation marks and citation omitted).

The PSR assigned one criminal history point for Salas's 2007 conviction for evading arrest. Salas received a sentence of "30 days deferred adjudication probation" for this offense. In calculating criminal history, sentences for misdemeanor and petty offenses are counted, except as provided in § 4A1.2(c)(1) and (2). Only § 4A1.2(c)(1) is applicable herein. Sentences for the thirteen offenses listed under § 4A1.2(c)(1) and "offenses similar to them, by whatever name they are known" are counted only when the sentence imposed "was a term of probation of more than one year or a term of imprisonment of at least [30] days" or when "the prior offense was similar to an instant offense." §

3

No. 09-41243

4A1.2(c)(1)(A), (B).  One of the offenses listed in § 4A1.2(c)(1) is resisting arrest. Assuming without deciding that   Salas's 2007 evading arrest conviction is similar to the enumerated offense of resisting arrest, that prior conviction should not have affected the calculation of Salas's criminal history because neither of the conditions in § 4A1.2(c)(1)(A) or (B) is present in this case.  Salas's sentence of "30 days deferred adjudication probation" for evading arrest is less than the required threshold of "a term of probation of more than one year."  Also, evading or resisting arrest is not similar to the instant offense of drug possession with intent to distribute.  Thus the district court clearly erred by adding one criminal history point under this provision.

Next, it is necessary to determine if this plain error affected Salas's substantial rights.  *Puckett,* 129 S. Ct. at 1429; *John*, 597 F.3d at 284-85.  A one-point reduction in Salas's criminal history calculation reduces his criminal history category from IV to III and his advisory guidelines range from 37 - 46 months of imprisonment to 30 - 37 months of imprisonment.[3]  These two sentencing ranges overlap by one month, Salas's sentence is at the very bottom of the incorrect range and the very top of the correct range.  However, when the calculated and correct sentencing ranges overlap, this court has "shown considerable reluctance in finding a reasonable probability that the district court would have settled on a lower sentence" when the defendant's sentence falls within both the correct and incorrect guidelines ranges.  *United States v. Campo-Ramirez*, 379 F. App'x 405, 409 (5th Cir. 2010) (unpublished).  *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010)(Sentence of 85 months using

---

[3] Salas's prior convictions, which resulted in his criminal history category of III, include two evading arrest convictions and two illegal entry convictions.

No. 09-41243

a guideline range of 78 to 97 months affirmed, although the correct range was 70 to 87 months.); *United States v. Jones*, 596 F.3d 273 (5ᵗʰ Cir. 2010)(Sentence of 292 months imprisonment using a guideline range of 292 to 365 months affirmed.  The correct guideline range was 262 to 327 months. );  *United States v. Jasso*, 587 F.3d 706 (5ᵗʰ Cir. 2009)( Sentence of 46 months using a guideline range of 46 to 57 months affirmed.   The correct guideline range was 41 to 51 months. )

The single exception seems to have occurred in *United States v. Price*, 516 F.3d 285, 290 (5thCir.2008), our first case to consider the effect of overlapping ranges on a defendant's ability to show a probability of a lesser sentence.  In *Price*, we vacated and remanded for resentencing, because  Price's sentence fell near the top of the correct range and the difference between the minimum sentences under the two ranges was substantial--18 months. *Id*. at 289 n. 28.

This court, however, has  refused to find reversible plain error in cases involving only a one-month overlap. In *United States v. Cruz-Meza*, 310 F. App'x 634, 636-37 (5th Cir.), *cert. denied*, 130 S. Ct. 86 (2009), this court concluded that a one-month overlap between the correct and incorrect guidelines ranges demonstrated "only a *possibility* of a lesser sentence but for the error, not the requisite *probability*" and noted that the defendant could point to nothing in the record "to bolster his assertion that the district court would have imposed a lower sentence" in the light of the proper guidelines range.  Unlike the instant case, however, the district court in *Cruz-Meza* articulated its reasons for the sentence imposed and its rejection of defense arguments for a variance, noting "'it would have been easy'" to go much higher based on the defendant's prior convictions.  *Id*. at 637-38.

No. 09-41243

*Cruz-Meza* distinguished *Price* as follows:

> Cruz-Meza makes a plausible argument that, in light of our decision in *United States v. Price*, the fact that the correct and incorrect Guideline ranges overlap by a single month might demonstrate a reasonable probability that, but for the district court's misapplication of the Guidelines, the district court would have imposed a lower sentence. *See Price*, 516 F.3d 285, 289-90 & n.28 (5th Cir. 2008) (finding reversible plain error where incorrect Guideline range and correct Guideline range overlapped by five months and defendant's sentence was in the middle of the correct Guideline range). In this case, a sentence at the bottom of the correct range would be eighteen months, which represents a sentence reduction of six months. Six months is somewhat less than the difference in minimum sentences addressed in *Price* and *United States v. Villegas*. *See Price*, 516 F.3d at 289-90 (eighteen-month difference); *Villegas*, 404 F.3d at 364 (eleven-month difference between the bottom of the correct and erroneous Guideline ranges). Cruz-Meza relies on *Price*'s observation that "[w]ith more of an overlap between correct and erroneous sentencing ranges, we would face a closer question of 'substantial rights,'" 516 F.3d at 289 n.28, to argue that his lesser overlap in ranges makes his an easier case than *Price*. The overlap in Cruz-Meza's correct and erroneous Guidelines sentencing ranges is less than it was in *Price*, but on this record we cannot say that the bare overlap in ranges necessarily establishes that Cruz-Meza's substantial rights were affected. The lesser overlap in the sentencing ranges at issue here (24-30 versus 18-24) than in *Price* (110-120 versus 92-115), shows only a possibility of a lesser sentence but for the error, not the requisite probability.

*Cruz-Meza*, 310 F. App'x at 637.

In *Campo-Ramirez*, the court also determined that a one-month overlap between the correct and incorrect sentencing ranges did not violate the defendant's substantial rights because the defendant did not show the requisite probability of a lower sentence. 379 F. App'x at 408. As in *Cruz-Meza*, there was

No. 09-41243

nothing in the record to bolster Campo-Ramirez's argument that a lower sentence was probable rather than just possible, particularly in light of the district court's consideration and rejection of arguments in favor of a downward variance. *Id*. at 408-09.

The facts in this case do not require a different result. Salas, on his own behalf, asked the court for "the least, minimum sentence you can give me," based on his claims of forced participation in the drug transportation, his fear for the safety of his family due to threats that were made, and his lack of prior involvement with drugs. *Id*. (Noting that he had always worked in the construction business). Thereafter, the district court implicitly rejected the Government's request for a 41-month sentence and instead imposed a 37-month sentence, which was at the bottom of Salas's original (incorrect) guidelines range of 37 to 46 months. Salas has the burden to persuade us that the district court would impose a lower sentence if given an opportunity to do so. Nothing in these facts or in the remainder of the record of Salas's sentencing indicates that a lower sentence was probable rather than just possible. Nor is there evidence that the district court believed the bottom of "any range to be appropriate." *Jasso*, 587 F.3d at 714 n. 11; *Jones*, 596 F.3d at 279. Accordingly, Salas's substantial rights were not affected by this error.

### III.

Salas also argues on appeal that the court erroneously applied the Sentencing Guidelines by failing to award a minor role adjustment under U.S.S.G. § 3B1.2(b) and contends that his role as a drug courier does not preclude such an adjustment. The district court's determination of a defendant's role is a factual finding reviewed for clear error. *United States v. Villanueva*,

7

408 F.3d 193, 203 (5th Cir. 2005). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.*

Section 3B1.2(b) provides for a two-level reduction in a defendant's offense level if he was a "minor" participant. A defendant's role is minor if he is "less culpable than most other participants," § 3B1.2, comment. (n.5), and "substantially less culpable than the average participant." *Id.* comment. (n.3(A)); *Villanueva*, 408 F.3d at 203-04. Stated differently, the minor-role adjustment applies to defendants who are only peripherally involved in the crime. *Villanueva*, 408 F.3d at 204.

Since his first meeting with Border Patrol agents when he agreed to waive his *Miranda* rights, Salas has consistently maintained that he was forced to transport the marijuana. Salas raised this issue again at rearraignment, in his PSR objections, and at sentencing, noting that he had been living and working in the United States for nine years; had never been involved with drugs before; had only entered the country to find work to support his pregnant wife and three children; was not a member of a drug organization; did not know the people who forced him to transport the drugs; did not care about the amount of money that he was promised to transport the drugs; and was instead concerned only about the safety of his family because of threats made when he came upon the smugglers at the Rio Grande River. The PSR confirms that Salas has no history of drug offenses.

None of these facts undermines the district court's factual finding that Salas was not entitled to a minor role adjustment. As we stated in *United States v. Gallegos*:

> We have held, however, that a defendant may be a courier without being either a minimal participant or a minor participant.

No. 09-41243

*Buenrostro*, 868 F.2d at 139. Minimal participant status is not a legal conclusion derived by applying the guidelines to factual determinations. It, like "manager" status within the meaning of § 3B1.1, is itself a factual determination. That determination turns upon culpability, not courier status. As we said in *Buenrostro*, a defendant may be a courier without being substantially less culpable than the average participant. Culpability is a determination requiring sensitivity to a variety of factors.

*U.S. v. Gallegos,* 868 F.2d 711, 713 (5th Cir. 1989); *see also United States v. Jenkins*, 487 F.3d 279, 282 (5th Cir. 2007) (a defendant is not entitled to a minor role adjustment merely because his role was limited to courier).

The district court did not clearly err in failing to award a minor role adjustment under U.S.S.G. § 3B1.2(b).

IV.

For the foregoing reasons, we affirm Salas's sentence.

AFFIRMED.