# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2010

Lyle W. Cayce
Clerk

No. 09-51158
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RENE PACHECO-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-814-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rene Pacheco-Garcia pleaded guilty without a plea agreement to illegal reentry after deportation and was sentenced to 57 months of imprisonment and three years of supervised release.  He appeals his sentence, arguing that the district court plainly erred by counting three prior sentences separately for criminal history purposes when the sentences were imposed on the same day. He contends that under U.S.S.G. § 4A1.2(a)(2), his three prior convictions in which the sentences were all imposed on December 18, 2000, should have been

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counted as a single sentence because there was no evidence that the offenses were separated by intervening arrests. He acknowledges that he did not object in the district court. The Government argues that this case presents a question of fact capable of resolution by the district court upon proper objection at sentencing and can never constitute plain error.

Because Pacheco-Garcia did not object in the district court, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). He must therefore show a forfeited error that is clear or obvious and affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even if Pacheco-Garcia makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Refining the plain error analysis further is the issue whether this case presents a factual or a legal issue. "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991). However, an alleged misapplication of the guidelines is a legal issue subject to plain error review. *See United States v. Surasky*, 974 F.2d 19, 21 & n.5 (5th Cir. 1992).

Pacheco-Garcia argues that because the Presentence report (PSR) showed that he was sentenced for three prior offenses on the same day and showed no intervening arrests, based on the facts as set out in the PSR, the district court misapplied the guidelines to compute his criminal history score. He also argues that it was the Government's burden, not his, to prove the facts relevant to sentencing. He contends that the PSR established "as a fact" that there were no intervening arrests and that the district court plainly erred in counting these three sentences separately. The Government disagrees with this argument.

Rather than determine whether Pacheco-Garcia has shown any error at all in respect to whether the existence of intervening arrests raises a legal or

No. 09-51158

factual issue, much less whether this was a clear or obvious error by the district court, we move to the plain error analysis. To show plain error, Pacheco-Garcia must establish that his substantial rights were affected. To satisfy this burden, Pacheco-Garcia must "show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005).

Pacheco-Garcia argues that the district court's plain error affected his substantial rights. He contends that the removal of the four erroneous criminal history points would give him a criminal history category of III and reduce his guideline range from 57 to 71 months to 46 to 57 months. He asserts that there are strong indications in the record that the district court would have imposed a sentence at the bottom of the correctly calculated range. He states that the district court was aware of the circumstances that mitigated his offense, including the age of his prior convictions and the fact that he had stayed outside the United States since 2002. The Government argues that, assuming there was an error that was plain, because Pacheco-Garcia's sentence of 57 months falls within both the correct and allegedly incorrect guideline ranges, Pacheco-Garcia has failed to demonstrate a reasonable probability that he would have received a lesser sentence.

We have "shown considerable reluctance in finding a reasonable probability that the district court would have settled on a lower sentence" when the defendant's sentence falls within both the correct and incorrect guideline ranges. *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir.), *petition for cert. filed* (Oct. 18, 2010) (No. 10-7090) (internal quotation marks omitted). A one-month overlap between the correct and incorrect guideline ranges demonstrates "only a *possibility* of a lesser sentence but for the error, not the requisite *probability*." *United States v. Cruz-Meza*, 310 F. App'x 634, 637 (5th Cir.), *cert. denied*, 130 S. Ct. 86 (2009).

No. 09-51158

Pacheco-Garcia was sentenced to 57 months at the bottom of a range of 57 to 71 months. The alleged correct guideline range would be 46 to 57 months, an overlap of one month. Thus, his sentence falls within both ranges. Pacheco-Garcia requested that the district court reduce his sentence based on considerations that he had already paid for his crimes, that he remained outside the U.S. since 2002, and that he came back because his mother had a brain tumor. The district court considered his arguments and declined to reduce his sentence. Pacheco-Garcia has not demonstrated a "reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *See Villegas*, 404 F.3d at 364.

**AFFIRMED.**