**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4053**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

DANIEL K. AGYEPONG,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr.,
Chief District Judge.  (1:07-cr-00178-JAB-2)

Submitted:  December 29, 2008        Decided:  February 20, 2009

Before TRAXLER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Benjamin D. Porter, MORROW ALEXANDER PORTER & WHITLEY, PLLC,
Winston-Salem, North Carolina, for Appellant.  Anna Mills
Wagoner, United States Attorney, Robert M. Hamilton, Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Daniel K. Agyepong pled guilty to conspiracy to use counterfeit and unauthorized access devices (credit cards and credit card account numbers), in violation of 18 U.S.C. § 1019(a)(1), (a)(2), (b)(2) (2006) (Count One), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2006) (Count Eleven). The district court sentenced Agyepong to fifteen months' imprisonment on Count One and a consecutive twenty-four months' imprisonment on Count Eleven. Agyepong appeals his sentence, contending that the district court erred in its loss calculation and in calculating his criminal history. We affirm the loss calculation, but remand for resentencing for the reasons stated below.

In the presentence report ("PSR"), the probation officer determined that the base offense level for Count One[*] was six, pursuant to USSG § 2B1.1(a)(2). Finding that the amount of loss exceeded $10,000, the probation officer increased Agyepong's base offense level by four levels, pursuant to USSG § 2B1.1(b)(1)(C). Because the offense involved the possession

_____

[*] The probation officer did not group Counts One and Eleven, although they were closely related, because Count Eleven, aggravated identity theft, 18 U.S.C. § 1028A(a)(1), (a)(2), carried a mandatory consecutive prison term. U.S. Sentencing Guidelines Manual § 5G1.2(a) (2007); 18 U.S.C. § 1028A(a)(1), (b)(2).

or use of device-making equipment, the probation officer increased Agyepong's offense level by two levels, pursuant to USSG § 2B1.1(b)(1)(A)(i). The probation officer recommended a two-level decrease in offense level for acceptance of responsibility, pursuant to USSG § 3E1.1(a). Based on his prior criminal convictions, the probation officer found that Agyepong's subtotal criminal history score was three. However, the probation officer added two points under USSG § 4A1.1(d), because he found that Agyepong committed the instant offense while on probation; the total criminal history score of five points placed Agyepong in Criminal History Category III. The guidelines range for offense level ten and criminal history III was ten to sixteen months in prison. Thus, the probation officer determined that Agyepong's guidelines range for Count One was ten to sixteen months in prison, with a mandatory two-year consecutive sentence for Count Eleven, pursuant to 18 U.S.C. § 1028A(a)(1), (b)(2).

Agyepong objected to the four-level increase in offense level for a loss greater than $10,000 based on the $26,914.90 loss calculation in the PSR, claiming that he was unaware of the full scope of the scheme and did not realize the credit card purchases were fraudulent. At the sentencing hearing, the Government called United States Secret Service Special Agent James Albert Shively, Jr., who testified about

specific transactions. Agyepong also testified, admitting that he illegally obtained credit card account numbers for co-conspirator, Ahdi Ghazi Alshare, but denying that he ever personally made purchases with a fraudulent credit card.

The district court overruled Agyepong's objections to the loss determinations in the PSR. Furthermore, the court denied Agyepong the acceptance of responsibility reduction. Without the acceptance of responsibility adjustment, Agyepong's offense level was twelve, resulting in a guidelines range of fifteen to twenty months. The court sentenced Agyepong to fifteen months in prison on Count One, the bottom of the guidelines range, and a consecutive twenty-four months' imprisonment on Count Eleven.

Agyepong argues first on appeal that the district court improperly calculated the amount of loss attributable to him. In a fraud case, the Government must establish the amount of loss for sentencing purposes by a preponderance of the evidence. United States v. Pierce, 409 F.3d 228, 234 (4th Cir. 2005). This court reviews the amount of loss, to the extent that it is a factual matter, for clear error. United States v. West, 2 F.3d 66, 71 (4th Cir. 1993). This deferential standard of review requires reversal only if this court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005).

4

We find that the district court did not clearly err in its loss calculations.

Agyepong also challenges the district court's calculation of his criminal history category. Under USSG § 4A1.1(d), a defendant who "committed the instant offense while under any criminal justice sentence, including probation," will be assessed two criminal history points. In addition to the three criminal history points Agyepong received for past criminal convictions, he received two points under § 4A1.1(d) for committing his subject offenses while on probation. He now contends that the district court erred by assessing these two criminal history points. Because Agyepong did not object to his criminal history calculation in the district court, we review his claim for plain error. United States v. Olano, 507 U.S. 725, 732 (1993) (error occurred, which was plain, affected defendant's substantial rights, and "seriously affects the fairness, integrity, or public reputation of judicial proceedings").

The subject offenses occurred from April 1, 2004, to September 9, 2004. As the Government concedes, a review of the PSR reflects that Agyepong was not on probation at the time of the instant offenses and therefore the two criminal history points were incorrectly applied. Thus, the district court erred in calculating Agyepong's guidelines range.

5

Without these criminal history points, Agyepong's criminal history category would be II. Under USSG ch. 5, pt. A (sentencing table), with offense level twelve and criminal history category II, Agyepong's guidelines range on Count One should have been twelve to eighteen months. The fifteen-month sentence Agyepong received on this Count is within that range. Nevertheless, the Government concedes that Agyepong is entitled to be resentenced based on this error. We agree.

In United States v. McCrary, 887 F.2d 485 (4th Cir. 1989), we determined that the defendant was entitled to be resentenced when the district court imposed a sentence of imprisonment under an erroneously calculated sentencing guidelines range--even when, as here, the sentence imposed fell within the overlap between the correct and erroneous ranges. In such circumstances, we held that the appellate court "cannot confidently assume" that the factors influencing the district court's selection of a specific term of imprisonment within the erroneous range would necessarily lead the court to select the same term within the correct range. Id. at 489. The case was remanded in order that, "apprised of the error in the presentence report and the applicability of a different guidelines range, the district court [could] reconsider the sentence imposed, either on the [existing] record or on the basis of further proceedings." Id.

6

The Supreme Court has endorsed the principle underlying McCrary even after United States v. Booker, 543 U.S. 220 (2005). Post-Booker, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007) (internal citations omitted). Gall thus confirms the holding in McCrary that the district court may weigh the specific factors relevant to the defendant to arrive at the reasonably appropriate sentence only after correctly determining the starting point--i.e., the correct guidelines range.

Accordingly, the error in this case is not the district court's imposition of a fifteen-month term of imprisonment on Count One, but its acceptance of the Probation Office's report placing Agyepong in criminal history category III upon an incorrect factual basis for that determination. That error, based upon a finding that Agyepong was on probation when he was not, affected his right to a determination of the correct guidelines range, the district court's starting point for evaluating his sentence.

As in McCrary, we cannot know whether the district court would have imposed the same term of imprisonment had it

7

"appreciated the possibility that an alternative, 'overlapping' guideline[s] range might apply." 887 F.2d at 489. But because the district court sentenced Agyepong to the minimum term of imprisonment under the guidelines range it mistakenly applied, it is reasonable to presume the court would have imposed a lower sentence had it been aware of the correct guidelines range. See United States v. Price, 516 F.3d 285, 289 n.28 (5th Cir. 2008) (The district court's imposition of the minimum term under the incorrect range "demonstrate[d] 'at least a reasonable probability that the district court would have imposed a lesser sentence if it had properly applied the Guidelines.'") Accordingly, we find that Agyepong has satisfied the plain error standard of review.

Accordingly, although we affirm the district court's loss calculation, we vacate Agyepong's sentence and remand for resentencing under the correctly calculated guidelines range. Agyepong's motions to file a pro se supplemental brief are denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

8