**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4643**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

DANIEL K. AGYEPONG,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr.,
Chief District Judge.  (1:07-cr-00178-JAB-2)

Submitted:  June 30, 2010            Decided:  July 21, 2010

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant.
Robert Michael Hamilton, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel K. Agyepong pled guilty to conspiracy to use counterfeit and unauthorized access devices (credit cards and credit card account numbers), in violation of 18 U.S.C. § 1029(a)(1), (a)(2), (b)(2) (2006) (Count One), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2006) (Count Eleven). The district court initially sentenced Agyepong to fifteen months' imprisonment on Count One and a consecutive twenty-four months' imprisonment on Count Two. Agyepong appealed his sentence, challenging the district court's loss and criminal history calculations. We affirmed the district court's loss calculation, but because Agyepong was not on probation when he committed the instant offenses, we found that the district court erred by assessing two criminal history points under U.S. Sentencing Guidelines Manual § 4A1.1(d) (2007). Without these criminal history points, Agyepong's criminal history category was reduced from category III to category II, and his guidelines range on Count One, based on offense level twelve, became twelve to eighteen months, rather than the higher range originally calculated by the district court.[*] See USSG ch. 5, pt. A (sentencing table). Accordingly, we vacated Agyepong's sentence

---

[*] Agyepong's sentence on Count Eleven, aggravated identity theft, was a statutory mandatory consecutive twenty-four months' imprisonment. 18 U.S.C. § 1028A(a)(1), (b)(2).

2

and remanded for resentencing under the correctly calculated guidelines range. United States v. Agyepong, 312 F. App'x 566 (4th Cir. 2009) (No. 08-4053).

At resentencing, the district court imposed a twelve-month prison term on Count One, the bottom of the guidelines range, and a consecutive twenty-four months on Count Eleven, for a total sentence of thirty-six months' imprisonment. Agyepong timely appealed. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal, but questioning whether the district court erred by denying Agyepong's motions for substitution of counsel and to withdraw his guilty plea to Count Eleven, and in calculating the loss attributable to Agyepong and his criminal history score. Counsel also challenges the reasonableness of Agyepong's sentence. Agyepong filed a pro se supplemental brief reiterating counsel's challenge to the district court's denial of his motion to withdraw the guilty plea. For the reasons that follow, we affirm.

Agyepong first contends that the district court erred by denying his motion for substitution of counsel, filed shortly before his resentencing hearing. This court reviews a district court's denial of a motion for substitution of counsel for abuse of discretion. United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994). In evaluating whether the trial court

3

abused its discretion, we consider:  (1) the timeliness of the motion; (2) the adequacy of the inquiry into the defendant's complaint about his attorney; and (3) whether the attorney/client conflict was so great that it resulted in total lack of communication preventing an adequate defense.  United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004).  These factors are balanced against the district court's "interest in the orderly administration of justice."  Id. at 157.  We have reviewed Agyepong's claim with these standards in mind and find no abuse of discretion in the district court's denial of Agyepong's motion.

Next, Agyepong asserts that the district court erred by denying his motion to withdraw his guilty plea to Count Eleven, aggravated identity theft.  We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion.  United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).  "[A] defendant does not have an absolute right to withdraw a guilty plea, even before sentencing."  United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).  Instead, he must show a "fair and just reason" supports his request to withdraw his plea.  Id.  Factors considered in determining whether a defendant has shown a fair and just reason for withdrawing his guilty plea include:

4

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether the defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Id. Agyepong's challenge to his guilty plea focuses on Factor 2, legal innocence, because he contends that he is actually innocent of aggravated identity theft in light of Flores-Figueroa v. United States, 129 S. Ct. 1886 (2009), a decision that issued a month before his resentencing.

Under 18 U.S.C. § 1028A(a)(1), a person convicted of specified predicate offenses (including 18 U.S.C. § 1029(a)) faces a mandatory two-year consecutive prison term if in the course of committing the other offenses he "knowingly . . . possesses [] or uses, without legal authority, a means of identification of another person." 18 U.S.C. § 1028A(a)(1). In Flores-Figueroa, the Supreme Court held that to obtain a conviction under § 1028A(a)(1), "the Government [must] show that the defendant knew that the [unlawfully used] means of identification . . . belonged to another person." 129 S. Ct. at 1894. At the time of Agyepong's guilty plea, the established authority in this circuit was United States v. Montejo, 442 F.3d 213 (4th Cir.

5

2006), which held that the Government was not required to prove that a defendant actually knew that the means of identification belonged to another person when he used it without authorization. Id. at 217. The Supreme Court abrogated Montejo in Flores-Figueroa by holding that § 1028A(a)(1) requires the Government to show that the defendant knew that the means of identification he unlawfully used actually belonged to another person, as opposed to being merely counterfeit. Flores-Figueroa, 129 S. Ct. at 1894.

Agyepong admitted to using a device provided by his co-defendant to skim or steal credit card numbers. His co-defendant then re-encoded these stolen numbers onto credit cards. At the time of his arrest, Agyepong was with his co-defendant and had eight re-encoded credit cards on his person. We conclude that this evidence established that Agyepong knew that the credit card numbers he used belonged to other individuals as opposed to being merely counterfeit. Accordingly, we find that Agyepong has not credibly asserted his legal innocence and that the district court did not abuse its discretion by denying Agyepong's motion to withdraw his guilty plea.

Agyepong also seeks to challenge the amount of loss attributed to him for sentencing purposes and the assignment of two criminal history points for two convictions for driving

while impaired. Generally, "'the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16 (1988)). The law of the case must be applied:

> in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.

Aramony, 166 F.3d at 661 (quoting Sejman v. Warner-Lambert Co., 845 F.2d 66, 69 (4th Cir. 1988)); see Doe v. Chao, 511 F.3d 461, 464-66 (4th Cir. 2007) (discussing mandate rule and its exceptions).

We affirmed the district court's loss calculations in Agyepong's first appeal. Moreover, Agyepong could have challenged the criminal history points assigned to him for his driving while impaired convictions, but he did not do so. See Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007) ("[A] remand proceeding is not the occasion for raising new arguments or legal theories."); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating that mandate rule "forecloses relitigation of issues expressly or

7

impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal . . .."). Because neither of these issues falls within any of the exceptions to the law-of-the-case doctrine, we conclude that Agyepong is foreclosed from raising these claims in this appeal.

Finally, turning to Agyepong's sentence, we review it under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this court that it has "considered the parties' arguments and has a

8

reasoned basis for exercising [its] own legal decisionmaking authority." Id. (internal quotation marks omitted).

Once we have determined that the sentence is free of procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate guidelines range, this court applies a presumption on appeal that the sentence is reasonable. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

In this case, the district court correctly calculated the advisory guidelines range. Although the court committed procedural error in failing to provide an individualized assessment of Agyepong's case, we conclude that the court's omission did not affect Agyepong's substantial rights. See United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010). Furthermore, neither counsel nor Agyepong has articulated any factors to overcome the appellate presumption of reasonableness afforded Agyepong's within-guidelines sentence. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Agyepong.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. We therefore affirm the district court's judgment. This court requires that counsel inform Agyepong, in writing, of the right

to petition the Supreme Court of the United States for further review.  If Agyepong requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Agyepong.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

10