**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4343**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

KEVIN FORREST, a/k/a Hollywood,

        Defendant – Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge.  (1:17-cr-00545-CCB-1)

─────────────

Argued:  October 24, 2023                      Decided:  December 7, 2023

─────────────

Before DIAZ, Chief Judge, TRAXLER, Senior Circuit Judge, and Jamar K. WALKER, United States District Judge for the Eastern District of Virginia, sitting by designation.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ARGUED:**  Vincent Anthony Jankoski, VINCENT A. JANKOSKI, ESQ., Silver Spring, Maryland, for Appellant.  Jason Daniel Medinger, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:**  Erek L. Barron, United States Attorney, Christina A. Hoffman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Forrest appeals from the district court's denial of Forrest's motion to withdraw his guilty plea. We find no reversible error and affirm the judgment of the district court.

I.

In 2018, Forrest was sentenced to 102 months' imprisonment after pleading guilty to a charge of unlawful possession of a firearm and ammunition by a convicted felon. *See* 18 U.S.C. § 922(g)(1). The plea agreement stipulated that Forrest had previously been convicted of a reckless-endangerment offense for which he received a sentence of five years' imprisonment.  At the time of the plea, however, case law from this circuit did not require the government to prove that a defendant charged under § 922(g) knew at the time of the offense that he qualified as a felon.

In June 2019, the Supreme Court issued its opinion in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which held that, in § 922(g) cases, "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. Forrest subsequently filed a *pro se* notice of appeal[1] and argued that his plea was involuntary under *Rehaif* because he was not informed before pleading guilty that the government would be required

---

[1]     In criminal cases, "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A). The rule is not jurisdictional, however, and we generally will not dismiss an untimely criminal appeal unless "the Government promptly invokes the rule in response to a late-filed criminal appeal." *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017). The government did not seek to dismiss the appeal on timeliness grounds.

to prove that he had knowledge of his status as a felon at the time he committed the federal offense.

We placed Forrest's appeal in abeyance as cases reaching different conclusions about the effect of an unpreserved *Rehaif* error worked their way through the system. *See, e.g., United States v. Gary*, 954 F.3d 194, 201 (4th Cir. 2020) (concluding that the failure to inform a defendant pleading guilty that the government would be required to prove the defendant's knowledge of his status as a prohibited person was structural error requiring reversal without regard to prejudice, even if raised for the first time on appeal); *United States v. Trujillo*, 960 F.3d 1196, 1207-08 (10th Cir. 2020) (concluding that *Rehaif* error is not structural and requiring a defendant challenging his guilty plea to satisfy the stringent plain-error requirements and "show a reasonable probability that, but for the error, he would not have entered the plea").

In June 2021, the Supreme Court issued its opinion in *Greer v. United States*, 141 S. Ct. 2090 (2021). In *Greer*, the Court reversed our decision in *Gary* and held that *Rehaif* errors are not structural and are instead subject to traditional plain-error review when raised for the first time on appeal. *See id.* at 2100. Thus, a defendant who challenges his guilty plea on the basis of an unpreserved *Rehaif* error must show a reasonable probability that, but for the error, he would not have pleaded guilty. *See id.* at 2097. As the Court observed,

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets. That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew

3

he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a reasonable probability that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

*Id.* (cleaned up).

After *Greer* was decided, the government filed an unopposed motion to remove this appeal from abeyance. Before this court ruled on that motion, Forrest, who was by then represented by counsel, filed a motion seeking a remand for resentencing based on the district court's failure to orally pronounce all non-mandatory conditions of supervised release. *See United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). The government did not oppose the request, and this court granted the motion and "remand[ed] th[e] case to the district court for resentencing." *United States v. Forrest*, No. 20-4007, docket entry 43 (4th Cir. October 5, 2021).

After the case returned to the district court, Forrest filed a motion to withdraw his guilty plea. He argued that his plea was unknowing and involuntary because he had not been informed of the government's burden to prove his knowledge of his status as a felon, as required by *Rehaif*. The government responded that the attempt to withdraw his plea was barred by the mandate rule and by Rule 11(e) of the Federal Rules of Criminal Procedure, and that, in any event, the motion should be denied on the merits.

The district court denied the motion to withdraw the guilty plea. The court assumed without deciding that Rule 11(e) did not prohibit the motion, but concluded that Forrest

4

had not established a "fair and just reason" for withdrawing the plea, as required by Rule 11(d). *See* Fed. R. Crim. P. 11(d)(2)(B). This appeal followed.

## II.

Forrest argues on appeal that the district court abused its discretion by denying the motion to withdraw his plea. He contends that his guilty plea was not knowing and voluntary because he was not properly informed of all of the elements of the charge to which he was pleading guilty, and that the district court therefore erred by denying the motion to withdraw. *See, e.g.*, *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000) (explaining that one of the relevant factors when considering a motion to withdraw a guilty plea is "whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary"). The government reasserts all of the objections it made below—it contends the motion is barred by Rule 11(e) and by the mandate rule, and that the motion fails on the merits.

This court, of course, is "entitled to affirm on any ground appearing in the record, including theories not relied upon or rejected by the district court." *United States v. Flores-Granados*, 783 F.3d 487, 491 (4th Cir. 2015) (cleaned up). As we will explain, we agree with the government that the mandate rule barred Forrest from challenging his guilty plea on remand, which makes it unnecessary to consider the government's other arguments for affirmance.

"Few legal precepts are as firmly established as the doctrine that the mandate of a higher court is controlling as to matters within its compass. Indeed, it is indisputable that a lower court generally is bound to carry the mandate of the upper court into execution and

5

may not consider the questions which the mandate laid at rest." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (cleaned up). The mandate rule "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court," and it likewise "forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." *Id.*; *see United States v. Cannady*, 63 F.4th 259, 266-67 (4th Cir. 2023). District courts must implement "both the letter and the spirit of the mandate, taking into account our opinion and the circumstances it embraces." *Bell*, 5 F.3d at 66.

In this case, by the time Forrest filed his motion seeking a remand for resentencing, he had already filed a brief in this court raising a *Rehaif* challenge to the validity of his guilty plea. His later motion to remand did not mention *Rehaif* or otherwise address the validity of his guilty plea, but instead addressed only the *Rogers* issue and sought a remand for resentencing only. By seeking a remand for resentencing only, without waiting for us to rule on his merits brief, Forrest effectively abandoned any *Rehaif* challenge to his conviction, and his attempt to withdraw his guilty plea based on *Rehaif* therefore exceeded the scope of our mandate. *See Bell*, 5 F.3d at 66 (explaining that the mandate rule bars litigation of issues "foregone on appeal or otherwise waived").

While a *Rogers* remand authorizes a *de novo* resentencing proceeding, *see United States v. Singletary*, 984 F.3d 341, 346 n.4 (4th Cir. 2021), the question of guilt is distinct from any question of sentencing. Thus, while a remand for *de novo* resentencing reopens

6

all aspects of the *sentencing* question, it does not reopen the question of *guilt*.[2] Forrest waived any challenge to his conviction, which was obtained through his guilty plea, by seeking and receiving a remand for resentencing only. Forrest's motion to withdraw his guilty plea therefore exceeded the scope of our mandate.

Finally, Forrest suggests that an exception to the mandate rule applies because *Rehaif* represents a dramatic change in legal authority. Our cases recognize such an exception. *See, e.g.*, *United States v. Cannady*, 63 F.4th 259, 267 (2023). But we have refused to apply it where the change in authority occurred before we remanded the case. *Doe v. Chao*, 511 F.3d 461, 468 (4th Cir. 2007); *United States v. Banks*, 230 F.3d 1354 at *1 (4th Cir. 2000) (per curiam). Because *Rehaif* was issued before we remanded for resentencing—and in fact was squarely raised in Forrest's initial appeal—this exception to the mandate rule does not apply. As a result, we affirm the district court's judgment.

*AFFIRMED*

---

[2] Another panel of this court has reviewed the merits of the denial of a motion to withdraw a guilty plea made while on remand for resentencing. *United States v. Agyepong*, 388 F. App'x 343, 344 (4th Cir. 2010) (per curiam). There, however, the defendant's initial appeal challenged issues with his sentence, not his guilty plea. By contrast, Forrest raised the *Rehaif* issue in his initial appeal to this court before abandoning it in favor of a remand on another basis.