# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-10825
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GRACIE WALKER

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-3-7

Before HIGGINBOTHAM, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gracie Walker appeals the 290-month sentence imposed following her guilty-plea conviction for conspiracy to distribute more than 500 grams of methamphetamine. Walker asserts that the district court erred by determining that she was a career offender under U.S.S.G. § 4B1.1. However, Walker does not identify specific error regarding the application of § 4B1.1. She states only: "Gracie Walker objected that certain convictions were too old to count, and that other convictions should have been counted as related cases under U.S.S.G. §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

4A1.2(a)(2)," without citing to anything to support this contention. Accordingly, she has not adequately briefed this issue and has abandoned any challenge to the application of the career offender enhancement. See United States v. Le, 512 F.3d 128, 132, n.2 (5th Cir. 2007); see also Beasley v. McCotter, 798 F.2d 116, 118 (5th Cir. 1986) (finding that this court does not give attorney-prepared briefs the benefit of liberal construction).

The Government addresses the alleged "related cases" in its brief, noting that the convictions were for offenses dated two months apart. Although Walker was sentenced on the same day for these two offenses, nothing shows that the offenses charged were for the same conduct or scheme. Walker failed to establish in the district court that these two offenses were related; therefore, even if this issue were properly before this court, it would not warrant a reversal. See United States v. Kates, 174 F.3d 580, 584 (5th Cir. 1999)(the fact that sentences were imposed on the same day for offenses committed on separate dates is not enough to support a finding of "related cases").

Walker also argues that her sentence is unreasonable and unduly harsh because the district court failed to consider the factors set forth in 18 U.S.C. § 3553(a) and failed to provide an adequate explanation of its application of the § 3553(a) factors, as required by Gall v. United States, 128 S. Ct. 586 (2007). Despite her nearly twenty-year history of drug-related offenses, she contends that she should have been shown leniency because she claims her participation in the offense was for love, not money.

Walker has not shown that the sentence imposed by the district court was unreasonable. Her 290-month sentence was within the applicable guidelines range and is entitled to a presumption of reasonableness. See Gall, 128 S. Ct. at 597; see also United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Further, because the district court imposed a sentence within the advisory guidelines range, a lengthy explanation of the sentence was not required. See

Rita v. United States, 127 S. Ct. 2456, 2468 (2007); United States v. Hernandez, 457 F.3d 416, 424 (5th Cir. 2006).

The record reflects that the district court considered the evidence, which included testimony from two witnesses and Walker's own statement, as well as arguments presented by Walker's counsel. See Rita, 127 S. Ct. at 2469. The district judge's statements showed that he considered that evidence in deciding not to impose an upward departure: "Well, this is a case where an upward departure would be appropriate, but I'm not going to in this case. I am going to sentence about the middle of the guideline range. I think that's a reasonable sentence that takes into account everything that the court should consider under 18 United States Code, Section 3553(a)." Walker has not demonstrated any error, plain or otherwise, and has not rebutted the presumption of reasonableness by showing that the court's failure to give detailed reasons affected her substantial rights. United States v. Price, 516 F.3d 285, 286 (5th Cir. 2008). The judgment of the district court is AFFIRMED.