# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-10534
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANTONIO GONZALEZ-VELASQUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:08-CR-2-ALL

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Antonio Gonzalez-Velasquez ("Gonzalez"), a Mexican national, appeals the 80-month sentence he received following his guilty-plea conviction for being found unlawfully in the United States after having been previously deported following an aggravated felony conviction, in violation of 8 U.S.C. § 1326.  For the first time on appeal, Gonzalez challenges the calculation of his criminal history score, arguing that he was incorrectly assessed a total of three criminal history points for two June 1997 California convictions because those convictions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were stale. Gonzalez asserts that, because he received sentences of less than 13 months in both cases and because both sentences were imposed more than 10 years prior to his commission of the instant offense (which he asserts was in August 2007, the date of his underlying arrest), the convictions could not be counted under U.S.S.G. § 4A1.2(e).

As Gonzalez concedes, because he did not raise these arguments in the district court, review is for plain error only. See United States v. Price, 516 F.3d 285, 286-87 (5th Cir. 2008). To demonstrate plain error, Gonzalez must show an error that is clear or obvious and that affects his substantial rights. United States v. Baker, 538 F.3d 324, 332 (5th Cir. 2008). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

Gonzalez has failed to demonstrate any clear or obvious error in the calculation of his criminal history score. Because being found in the United States after having been previously deported is a continuing offense, the date of the "commencement of the instant offense" for purposes of § 4A1.2(e) is the date Gonzalez illegally entered the United States, not the date on which he was arrested. See United States v. Santana-Castellano, 74 F.3d 593, 598 (5th Cir. 1996); see also § 4A1.2(e) & comment. (n.8); § 1B1.3(a)(1)(A). The presentence report establishes that Gonzalez entered the United States illegally with his common-law wife in April 2007. Thus, although he was not arrested until August 2007, his offense "commenced" in April 2007, less than 10 years after his June 1997 California convictions. Therefore, the June 1997 convictions were properly counted under § 4A1.2(e). See § 4A1.2(e) & comment. (n.8); § 1B1.3(a)(1)(A).

The district court's judgment is AFFIRMED.