# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 14, 2011

Lyle W. Cayce
Clerk

No. 10-50934
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LATARSHA ROSHILIA BARNES, also known as Latarsha Barnes,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:10-CR-82-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Latarsha Roshilia Barnes appeals the 168-month sentence imposed following her guilty plea conviction for attempted murder.

Barnes's sole argument on appeal is that the district court erred in determining that her base offense level was 33 pursuant to U.S.S.G. § 2A2.1(a)(1). She argues that there are two base offense levels associated with attempted murder and that it is "impossible to discern which base offense level to apply." According to Barnes, because "[t]he application of the two base offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

levels is a choice between the same conduct, with identical elements . . . the rule of lenity should apply." Review of this issue is for plain error. *See United States v. Price,* 516 F.3d 285, 286-87 (5th Cir. 2008).

Section 2A2.1 applies to two offenses: assault with intent to commit murder and attempted murder. The base offense level under that section is 33 if "the object of the offense would have constituted first degree murder," and 27 if "otherwise." §§ 2A2.1(a)(1), (2). Section 2A2.1, comment. (n.1), references the definition of murder set forth in 18 U.S.C. § 1111.

Barnes does not dispute that she pleaded guilty to, and was convicted of, attempted murder. Additionally, she does not dispute that the object of her offense would have constituted first degree murder under § 2A2.1(a)(1) and § 1111. Finally, the record reflects that she acted with the requisite premeditation under § 1111. Thus, Barnes has failed to establish that the district court committed any error, plain or otherwise.

AFFIRMED.