**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 22, 2011

No. 10-30775
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACINTO BUENDIA-GALLEGOS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:10-CR-72-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jacinto Buendia-Gallegos pleaded guilty to one count of illegal reentry into the United States, and the district court sentenced him to serve 24 months in prison. Buendia-Gallegos challenges his sentence, which was the result of an upward departure. According to Buendia-Gallegos, the district court committed procedural error by not specifically explaining its choice of the criminal history category and the offense level, as required by § 4A1.3(a)(4)(A). He also complains that the district court erred by failing to comply with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 4A1.3(c), which requires the sentencing judge to given written reasons to explain why the defendant's criminal history category is inadequate. Because he did not object on these bases, we review these claims for plain error only. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Price,* 516 F.3d 285, 286-87 (5th Cir. 2008). Buendia-Gallegos has failed to meet this standard.

The first claim fails because the district court is not required to engage in a mechanical recitation of rejected criminal history categories and offense levels before arriving at those it believes to be appropriate. *United States v. Zuniga-Peralta*, 442 F.3d 345, 348 n.2 (5th Cir. 2006). The second claim fails because, contrary to Buendia-Gallegos's assertions, the court gave ample reasons to justify its conclusion that his criminal history category did not adequately represent his past misdeeds. *See United States v. Ashburn*, 38 F.3d 803, 809 (5th Cir.1994) (en banc). Buendia-Gallegos has shown no plain error in connection with his contentions that his sentence is procedurally unreasonable.

Buendia-Gallegos's challenge to the substantive reasonableness of his sentence likewise lacks merit. The district court's choice to depart was based on proper factors. Although the departure was not insubstantial, this fact alone is not dispositive. *United States v. Smith*, 440 F.3d 704, 709 n. 5 (5th Cir.2006). Buendia-Gallegos's disagreement with the appropriateness of his sentence does not suffice to show that the district court abused its discretion. *See United States v. Rajwani*, 476 F.3d 243, 250 (2007).

AFFIRMED.