# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2011

No. 11-50058
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO VALDEZ-ACOSTA, also known as Alex Mancilla, also known as
Alejandro Mancilla, also known as David Lira,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-643-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges

PER CURIAM:[*]

Plaintiff-Appellee Alejandro Valdez-Acosta (Valdez) pleaded guilty to one
count of illegal reentry in violation of 8 U.S.C. § 1326.  He was sentenced to 60
months of imprisonment.

Valdez's sole contention on appeal is that his sentence, which represents
an upward variance from the advisory guidelines range of 24 to 30 months, is
greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

He asserts that the Guidelines adequately accounted for his criminal history and overstated the seriousness of his illegal reentry offense. He also claims that the district court failed to give proper weight to his history and circumstances in determining his sentence.

After *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Because Valdez does not raise any procedural challenges to his sentence, we consider only the substantive reasonableness of his sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Delgado-Martinez,* 564 F.3d 750, 751 (5th Cir. 2009) (internal quotation marks and citation omitted).

Ordinarily, we review a district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Rodriguez*, 602 F.3d 346, 362 (5th Cir. 2010). If, however, a defendant has not preserved an issue for review in the district court, we review such issue for plain error. *See United States v. Price,* 516 F.3d 285, 286-87 (5th Cir. 2008).

Arguably, Valdez's challenge to his sentence should be reviewed for plain error because he neither specifically objected to the substantive reasonableness of his sentence nor contended, as he does now, that his sentence was greater than necessary to effectuate the goals of § 3553(a) for the reasons he raises on appeal. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Nevertheless, his argument on appeal is unavailing even under the ordinary standard of review.

Appellate review for substantive reasonableness is "highly deferential" because the sentencing court is in a better position than are we to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant. *United States v. Key*, 599 F.3d 469, 473 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 997 (2011). The record reflects that the district court considered

No. 11-50058

Valdez's characteristics and history but found those factors to be outweighed by Valdez's significant criminal record and the need to protect the public against future criminal conduct. The district court was free to conclude, as it did, that the guidelines range gave insufficient weight to some of the sentencing factors, specifically Valdez's significant criminal history, the need to protect the public from further crimes, and the need for deterrence. *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008); § 3553(a).

The district court's determination that a variance was appropriate is justified by the § 3553(a) factors and is not unreasonable under the circumstances. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). Further, we have upheld similar and more significant variances. *See, e.g., id.* at 349-50 (upholding an upward variance to 180 months from an advisory maximum of 51 months); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006) (affirming an upward variance or departure to 120 months from a range of 46 to 57 months).

Accordingly, the judgment of the district court is AFFIRMED.