UNITED STATES of America, Plaintiff–Appellee

v.

Didier Rene LOPEZ–RUIZ, also known as Guillermo Ibarra, also known as Hugo Humberto Lopez, Defendant–Appellant.

No. 11–50331

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 5, 2012.

Joseph H. Gay, Jr., Assistant U.S. Attorney U.S. Attorney's Office San Antonio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Assistant Federal Public Defender, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office San Antonio, TX, for Defendant–Appellant.

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM: *

Didier Rene Lopez–Ruiz (Lopez) challenges the 46–month sentence he received following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. For the first time, he contends that the sentence is unreasonable. Because he raises the argument for the first time on

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal, review is for plain error only. *United States v. Price,* 516 F.3d 285, 286–87 (5th Cir.2008). To demonstrate plain error, Lopez must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States,* 556 U.S. 129, 129 S.Ct. 1423, 1429, 173 L.Ed.2d 266 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

When, as here, the district court imposes a sentence within a properly calculated guidelines range, the sentence is entitled to a presumption of reasonableness. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir.2009). Although Lopez argues that the sentence is not entitled to the presumption because the illegal reentry Guideline, U.S.S.G. § 2L1.2, lacks an empirical basis, he correctly concedes that the argument is foreclosed. *See United States v. Mondragon–Santiago,* 564 F.3d 357, 361 (5th Cir.2009); *United States v. Duarte,* 569 F.3d 528, 529–31 (5th Cir.2009). Lopez's contention that his guidelines range was greater than necessary to meet 18 U.S.C. § 3553(a)'s goals as a result of "double counting" is similarly unavailing. *See Duarte,* 569 F.3d at 529–31.

Lopez additionally asserts that the Guidelines fail to accurately reflect the seriousness of a § 1326 offense, which he likens to international trespass, and he urges that the district court did not give adequate consideration to the fact that he had been removed only once previously and now promises never to return. This court has implicitly rejected the argument that a guidelines sentence for illegal reentry is unreasonable because it is a mere trespass offense. *See United States v. Aguirre–Villa,* 460 F.3d 681, 683 (5th Cir. 2006). Moreover, before imposing a sentence at the bottom of the advisory guide-lines range, the district court reviewed the information in the presentence report and listened both to counsel's arguments and Lopez's apology. Lopez's disagreement with the district court concerning the appropriate sentence is not a valid basis to disturb the sentence. *See United States v. Gomez–Herrera,* 523 F.3d 554, 565–66 (5th Cir.2008).

Lopez's arguments are insufficient to overcome the presumption of reasonableness attaching to his within-guidelines sentence, and he has not demonstrated any plain error on the district court's part. *See, e.g., id.; see also Puckett,* 129 S.Ct. at 1429. Accordingly, the district court's judgment is AFFIRMED.