# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2010

No. 09-40877

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CESAR RAMIREZ-MATA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-267-1

Before BARKSDALE, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Cesar Ramirez-Mata pleaded guilty to one count of conspiracy to possess with intent to distribute less than 50 kilograms of marijuana and one count of possession with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841. He was sentenced to two 46-month terms of imprisonment, to run concurrently, to be followed by two three-year terms of supervised release, also to run concurrently. He now appeals his sentence, arguing that the district court erred in its calculation of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40877

advisory sentencing range by treating him as a career offender under U.S.S.G. § 4B1.1. Under that guideline, "[a] defendant is a career offender if," inter alia, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Id.* § 4B1.1(a). Ramirez-Mata argues that the district court erred when it treated his prior offense under Tex. Penal Code § 22.011(a)(2) as a crime of violence, because that statute "prohibit[s] *consensual* sexual contact with, or penetration of, a person under 17 years old." *United States v. Houston*, 364 F.3d 243, 246 (5th Cir. 2004). Without that prior offense, he would not have qualified as a career offender.

Because Ramirez-Mata's counsel failed to raise this issue in the district court, it is reviewed for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (citing Fed. R. Crim. P. 52(b)).

> Rule 52(b) review — so-called "plain-error review" — involves four steps, or prongs. First, there must be an error or defect — some sort of "deviation from a legal rule" — that has not been intentionally relinquished or abandoned, *i.e.*, affirmatively waived, by the appellant. [*United States v. Olano*, 507 U.S. 725, 732-33 (1993).] Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. [*See id.* at 734.] Third, the error must have affected the appellant's substantial rights . . . . Fourth and finally, if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error — discretion which ought to be exercised only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." [*Id.* at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).]

*Puckett*, 129 S. Ct. at 1429. We will assume for the sake of argument that the district court made an error that was clear or obvious, because we conclude that Ramirez-Mata does not satisfy the third prong.

At the third prong of plain error review, when a sentencing error is at issue, a defendant must "show that the error affected his substantial rights by 'undermin[ing] confidence in the outcome.'" *United States v. Blocker*, 612

No. 09-40877

F.3d 413, 416 (5th Cir.) (per curiam) (alteration in original) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (in turn quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984))), *cert. denied*, 2010 WL 4156179 (2010). "[T]his requires demonstrating a 'reasonable probability that, but for the district court's misapplication of the Guidelines, [the defendant] would have received a lesser sentence.'" *Id.* (quoting *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005)). Ramirez-Mata does not have to show by a preponderance of the evidence that he would have received a lower sentence if the district court had not misapplied the sentencing guidelines. "The reasonable-probability standard is not the same as, and should not be confused with, a requirement that a defendant prove by a preponderance of the evidence that but for error things would have been different." *Dominguez Benitez*, 542 U.S. at 83 n.9 (citing *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)).

Because the district court treated Ramirez-Mata's prior conviction as a crime of violence, it classified him as a career offender under U.S.S.G. § 4B1.1. This had no effect on his offense level, which was calculated at 15 based on the quantity of marijuana involved and a reduction for acceptance of responsibility; however, the career offender designation did set his criminal history category at VI when it would otherwise have been V. The error thus resulted in a sentencing guidelines range of 41-51 months when the range should have been 37-46 months. The sentence actually imposed by the district court was 46 months — the exact middle of the erroneous range, but the very top of the correct range.

In previous cases involving sentences "fall[ing] within both the correct and incorrect guideline ranges," we have addressed the third prong of plain error review in a "highly fact sensitive" way. *United States v. Campo-Ramirez*, 379 F. App'x 405, 409 (5th Cir. 2010) (unpublished). *Compare*

No. 09-40877

*United States v. Jones*, 596 F.3d 273, 277-79 (5th Cir. 2009) (declining to vacate a sentence), *with United States v. Price*, 516 F.3d 285, 289 (5th Cir. 2008) (vacating and remanding).  In this case, at the sentencing hearing, the district judge commented that he found 46 months to be a "reasonable" sentence; however, he also twice noted that after carefully considering both sides' arguments, he was imposing a sentence at the midpoint of the incorrect range on which he relied.  Defense counsel's strongest argument was that the career offender designation overstated the seriousness of Ramirez-Mata's criminal history because it was predicated on the prior conviction under § 22.011(a)(2), which involved only consensual sex with a teenage girl who thereafter, as an adult, continued to be in a long-term relationship with Ramirez-Mata.  If the district court had used the correct sentencing range, defense counsel would have been deprived of his strongest argument because the career offender designation would no longer have been at issue.  Thus, it is likely that the district court would still have found 46 months to be a reasonable sentence.  Ramirez-Mata has not shown a reasonable probability that he would have received a lower sentence.

We therefore AFFIRM the judgment of the district court.