# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40475

United States Court of Appeals
Fifth Circuit

**FILED**
May 29, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CARLOS ALBERTO VEGA-RUIZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:17-CR-831-1

Before JOLLY, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Carlos Alberto Vega-Ruiz appeals the district court's thirty-month sentence imposed on his conviction of being found unlawfully present in the United States after deportation. Because we conclude that imposing the sentence did not constitute plain error, we affirm the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40475

I.

On July 24, 2017, Carlos Alberto Vega-Ruiz was arrested by agents with the United States Bureau of Customs and Border Protection (CBP). The arrest came after CBP agents observed Vega-Ruiz and two other subjects lying on the ground near three marijuana bundles along the northeast side of the Brownsville Landfill. Vega-Ruiz admitted to being a Mexican citizen without documentation that would allow him to be in the United States. Following his arrest, Vega-Ruiz was taken to the Cameron County Jail, and an immigration detainer was lodged against him.

Federal authorities declined to prosecute Vega-Ruiz for a drug trafficking offense. However, based on the above incident, Vega-Ruiz was convicted in state court of possession of marijuana. On October 25, 2017, Vega-Ruiz was sentenced in state court to five years of imprisonment on the marijuana possession offense, with the sentence of imprisonment suspended in favor of five years of community supervision.

On November 21, 2017, after being notified that Vega-Ruiz was scheduled to be released, Immigration and Customs Enforcement (ICE) agents came to the jail and took him into custody. Under questioning, Vega-Ruiz admitted to ICE agents that he was a citizen of Mexico and that he had no documentation to be present legally in the United States. Additionally, "Vega-Ruiz stated he illegally entered the United States on July 24, 2017, after he crossed the Rio Grande River near Brownsville." A records check showed that Vega-Ruiz had previously been removed from the United States.

Vega-Ruiz was then indicted on a charge that, on November 21, 2017, he had been unlawfully present in the United States after removal under 8 U.S.C. § 1326. Vega-Ruiz pleaded guilty, admitting that he had previously been deported or removed from the United States on December 20, 2006, after having been convicted of the felony offense of burglary of a habitation.

2

No. 18-40475

The probation officer determined that Vega-Ruiz's base offense level should be increased by eight levels due to the burglary conviction and by an additional four levels under United States Sentencing Guidelines § 2L1.2(b)(3)(D) due to the marijuana possession conviction. A three-level reduction for acceptance of responsibility resulted in a total offense level of seventeen. The probation officer assigned three criminal history points for the sentence on the burglary offense and one criminal history point for the sentence on the marijuana possession offense; the total of four points was just enough to place Vega-Ruiz in criminal history category III. Vega-Ruiz's Guidelines range was thirty to thirty-seven months of imprisonment. Vega-Ruiz did not object to any aspect of the PSR, and the district court adopted it. At sentencing, Vega-Ruiz explained through his counsel that: "In crossing the river, basically, since he did not have money for the fee, he was asked to go with a group of people that they had bundles of marijuana."

The district court sentenced Vega-Ruiz to thirty months of imprisonment. Vega-Ruiz has timely appealed.

II.

Vega-Ruiz contends that the district court erred by imposing a criminal history point to the sentence based on his marijuana possession conviction. He argues that the marijuana possession conviction was part of his unlawful presence offense and, as such, that sentence does not qualify as a "prior sentence." Thus, he maintains that the district court erred in increasing his offense level and his criminal history category on account of the marijuana possession conviction.

III.

Respecting the standard of review that applies to Vega-Ruiz's appeal: Generally, this court reviews the district court's interpretation or application of the Guidelines de novo and its factual findings for clear error. *United States*

No. 18-40475

*v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  Vega-Ruiz, however, failed to object to the alleged errors in the determination of his criminal history score and his offense level results below.  So we review for plain error only.  *See United States v. Soza*, 874 F.3d 884, 889 (5th Cir. 2017).

Thus, Vega-Ruiz must demonstrate (1) a forfeited error, (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he satisfies the first three requirements, this court may, in its discretion, remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).  "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error."  *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).[1]

## IV.

Now, for the substance of Vegas-Ruiz's appeal:  Under the unlawful presence guideline, a defendant's base offense level is increased on account of prior convictions.  *See* § 2L1.2(b).  The relevant commentary instructs us, however, to "use only those convictions that receive criminal history points under § 4A1.1(a), (b), or (c)."  § 2L1.2 cmt. n.3.  Thus, in the instant matter,

---

[1] The government contends that Vega-Ruiz's argument implicates a question of fact, and thus, under *Lopez*, the district court's decision cannot be plain error.  There is some support for this argument.  See *United States v. Nevels*, 160 F.3d 226, 229 (5th Cir. 1998) ("The district court's determination of what constitutes relevant conduct for sentencing purposes is a factual finding." (citing *United States v. Peterson*, 101 F.3d 375, 384 (5th Cir. 1996))); *but see United States v. Campo-Ramirez*, 379 F. App'x 405, 408 (5th Cir. 2010) (an error "is legal error, capable of resolution on plain error review" when "there was no error in the district court's (PSR's) recitation of the factual circumstances" but instead "[t]he error came later, when the district court . . . applied the guidelines to those circumstances to compute [the defendant's] criminal history score").  Nevertheless, for the purposes of this appeal, we will accept Vega-Ruiz's view that whether his marijuana conviction is not "relevant conduct" to his immigration offense is a legal question.

whether the district court reversibly erred, either in its determination of Vega-Ruiz's offense level or his criminal history category, depends on whether Vega-Ruiz has established plain error in the assignment of a criminal history point for the marijuana conviction.

Under the Guidelines, a "prior sentence" is "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." *See* § 4A1.2(a)(1). Whether the conduct is part of the instant offense is determined with reference to the relevant conduct provisions of § 1B1.3. *See* § 4A1.2 cmt. n.1. As the commentary states:

> A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense. Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct).

§ 4A1.2 cmt. n.1; *see also United States v. Yerena-Magana*, 478 F.3d 683, 687–88 (5th Cir. 2007) (discussing the relationship between § 4A1.2 and § 1B1.3).

The Guidelines state that relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant," as long as those actions "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." § 1B1.3(a)(1)(A).

Relying on this definition, Vega-Ruiz argues that his marijuana possession conviction was not a "prior sentence" that can be used to enhance his current sentence under the Guidelines. Instead, he argues that the marijuana possession conviction qualifies only as relevant conduct, because the offense was committed "during" and "in preparation for" his unlawful

presence offense.  To support this contention, Vega-Ruiz directs us to our decision in *United States v. Henry*, 288 F.3d 657 (5th Cir. 2002).  In that case, on plain error review, we vacated the defendant's sentence based on a determination that the district court had plainly erred by including criminal history points where the defendant's "state conviction for criminal trespass and federal conviction for possession of a firearm while under a restraining order clearly resulted from the same conduct on November 14, 1998."  *Id*. at 665.  Vega-Ruiz argues that the marijuana possession was relevant conduct because, as in *Henry*, the conduct underlying his prior sentence was "simultaneous and interdependent" with the charged conduct.

An "alien is 'found in' the United States when his physical presence is discovered and noted by the immigration authorities, and the knowledge of the illegality of his presence, through the exercise of diligence typical of law enforcement authorities, can reasonably be attributed to immigration authorities."  *United States v. Santana-Castellano*, 74 F.3d 593, 598 (5th Cir. 1996).  The PSR shows that, upon being found in possession of the marijuana, Vega-Ruiz "admitted being a citizen and national of Mexico without documentation to be present in the United States."  The PSR also reveals that, following the above admission, Vega-Ruiz was arrested and transported to the jail, and that an immigration detainer was placed against him.  Given these facts, it is clear that Vega-Ruiz was "found in" the United States for purposes of § 1326(a) on July 24, 2017, at essentially the same time that he was discovered in possession of marijuana by CBP agents and admitted that he was not authorized to be in the United States.  *See United States v. Gunera*, 479 F.3d 373, 377 (5th Cir. 2007) (holding that knowledge of alien's unlawful presence by an immigration "processing unit without investigatory functions" was attributable to the immigration agency as a whole).

This court, however, has held that a crime committed by an alien at the same time that he is unlawfully present in the United States is not necessarily relevant conduct to the unlawful presence offense. In *United States v. Vargas-Garcia*, we reviewed for plain error a district court's enhancement of an alien's sentence for unlawful presence based on a crime that the alien committed while in the country illegally. 434 F.3d 345 (5th Cir. 2005). The defendant had re-entered the country illegally at some unspecified point in time. He was arrested by local police after he fled from a traffic stop. *Id.* at 346. Several weeks later he was indicted on the illegal re-entry charge. *Id.* We rejected the defendant's argument that the traffic violation was committed "during" or "in the course of attempting to avoid detection or responsibility for" the defendant's unlawful presence, despite noting that unlawful presence was a continuing offense that did not end until the defendant was "found in" the United States. *Id.* at 348–49. We held that "[i]t was not plain error . . . for the district court to conclude that Vargas-Garcia's evasion of and resistance to arrest after a traffic stop weeks before his indictment for illegal reentry was a separate prior offense because it could be seen as embodying . . . conduct severable by time, place, and harmed societal interest." *Id.* at 350. In *United States v. Yerena-Magana,* we applied *Vargas-Garcia* to hold that a defendant's unlawful entry offense was not committed "in preparation for" his marijuana possession offense, in part, because the crimes "harmed different societal interests." 478 F.3d 683, 688–89 (5th Cir. 2007).

Considering *Vargas-Garcia* and *Yerena-Magana*, we cannot find that the district court plainly erred by enhancing Vega-Ruiz's sentence. Both cases held that if two offenses "harmed different societal interests" the differing harms could prevent a finding that the prior offense was relevant conduct to the charged offense, and *Yerena-Magana* established that possession of marijuana and unlawful presence harm different societal interests. Regardless of

No. 18-40475

whether this consideration would be sufficient to uphold the district court had the issue been properly preserved below, it is sufficient to do so in this procedural posture, that is, plain error review.

V.

Consequently, we find that the district court did not plainly error by enhancing Vega-Ruiz's sentence for illegal re-entry on account of his earlier state conviction for possession of marijuana. Accordingly, the sentence of the district court is

AFFIRMED.